NEW-YORK,
May, 1821.

BIGELOW *against* STEARNS.

THIS was an action of trespass, assault and battery, and false imprisonment, tried before Mr. Chief Justice SPENCER, at the *Columbia Circuit*, in *November*, 1820.

The plaintiff proved that he had been committed to the gaol of the county, on a *warrant* issued by the defendant, as Justice of the Peace, which was produced, from which it appeared that the plaintiff was convicted before the defendant, for wilfully interrupting a congregation of people met for religious worship, by rude and indecent behaviour, contrary to the *act for suppressing immorality ; (Sess.* 36. *ch.* 24. *sect.* 4. 2 *N. R. L.* 193.) and having neglected to pay the penalty of twenty-five dollars adjudged for the offence, he was ordered to be committed to the county gaol for thirty days, pursuant to the statute.

The defendant produced in evidence the record of conviction. The plaintiff's counsel then offered to prove, that the defendant, as Justice of the Peace, did not cause the plaintiff to appear before him on the complaint, as the act required, before he recorded the conviction, and issued his warrant of commitment. The defendant's counsel objected to this evidence, on the ground that the record of conviction was a complete justification of the defendant, and could not be contradicted, if the defendant had jurisdiction of the subject matter. The Chief Justice decided that he would hear the evidence. It was proved that the defendant, on the 20th of *November*, 1819, issued his precept, directed to any constable, &c. commanding him to cause the plaintiff, and three others, forthwith to appear before him, to answer separately, &c. The precept was signed but not sealed by the justice, having only the word " Seal" in the margin ; The constable indorsed on it his return, " Served by reading on, &c. *November* 29, 1819 ;" he testified that he served it personally on the plaintiff, by reading the same to him, in

BIGELOW
v.
STEARNS.'
If a Court of limited jurisdiction issues process which is illegal; or if a Court, whether its jurisdiction be limited or not, holds cognizance of a cause, without having gained jurisdiction of the person of the defendant, by having him before them, in the manner required by law, the proceedings are void.
And in the case of a limited and special jurisdiction, the magistrate attempting to enforce a proceeding founded on any judgment, sentence, or conviction, in such a case, is a trespasser. And the party affected by the conviction may, even in a collateral action, when the conviction is set up as a defence, show that the magistrate had no jurisdiction of the person convicted.
Whenever a new power is conferred on a Justice of the Peace, he must proceed in the mode prescribed by the statute.
Where the act for suppressing immorality, Sess. 36, c. 24. whih authorizes a justice to convict for offences against

the statute, requires him to cause the party to be brought before him, and upon proof, &c. to convict him in the manner prescribed : *Held*, that the Justice could not, on the return of a precept or summons personally served, proceed to hear the proofs, and convict the party, who had failed to appear, without having him brought before him.

the presence of his father, the plaintiff being an infant, un der 21 years. That the father requested him to delay the return until the next day, at 10 o'clock, A. M. at which time he accordingly returned the precept to the defendant; and that the plaintiff did not object to the arrangement. That the father of the plaintiff appeared the next day before the Justice, with counsel in behalf of the plaintiff, and objected to the process and the manner of its return; alleging that the defendant could not proceed, unless the plaintiff was brought personally before him. But the defendant decided that the service and return of the precept was sufficient to authorize him to proceed; and the father of the plaintiff and his counsel then left the room in which the Justice held his Court; and the defendant proceeded to examine witnesses, &c. and imposed the fine of twenty-five dollars.

The Chief Justice directed the jury to find a verdict for such damages as they should think proper; subject to the opinion of the Court on a case to be made. The jury accordingly found a verdict for the plaintiff, for ten dollars.

The case was submitted to the Court without argument.

SPENCER, Ch. Justice, delivered the opinion of the Court.

I had no doubt upon the trial that the conviction given in evidence by the defendant was a complete protection to him, as to every thing set forth in it, unless it was shown that the defendant had either exceeded his jurisdiction, or had not jurisdiction of the person of the plaintiff. I consider it perfectly well settled, that to justify an inferior magistrate in committing a person, he must have jurisdiction not only of the subject matter of the complaint, but also of the process and the person of the defendant. This point was fully and ably discussed in *Borden* v. *Fitch ;* (5 *Johns. Rep.* 121.) and it was decided, that a judgment of divorce rendered by the Supreme Court of Vermont was void, because it had not jurisdiction of the person of the defendant. The authorities are numerous to this point. (5 *Johns. Rep.* 41. 8 *Johns. Rep.* 90. 197. *Kirby's Rep.* 119. 1 *Dallas,* 261. 1 *Day's Con. Rep.* 40, 45. 2 *Wils,* 386. 2 *Str.* 993.) If a Court of limited jurisdiction issues a process which is illegal, and not merely erroneous; or, if a Court, whether of limited

jurisdiction or not, undertakes to hold cognizance of a cause, without having gained jurisdiction of the person, by having him before them, in the manner required by law, the proceedings are void: and in the case of a limited or special jurisdiction, the magistrate attempting to inforce a proceeding founded on any judgment, sentence, or conviction, in such a case, becomes a trespasser. The case of *Mather* v. *Hood*, (8 *Johns. Rep.* 45.) decides that a record of conviction of a Justice, under the act to prevent forcible entries and detainers, is not traversable; and if it appears, that the Justice had jurisdiction and proceeded regularly, it is conclusive, and a bar to a suit against him for any thing adjudged and within his jurisdiction. But it was not decided in that case, nor is there any case that sanctions the doctrine, that by force of a conviction before a magistrate, the party affected by it, may not show, even in a collateral action, where the conviction is set up as a defence, or comes in question, that the magistrate had not jurisdiction of the person against whom the conviction operates. Take the case of a person convicted by a Justice of the Peace, who never had been summoned, and who never appeared before him ; would it admit of a doubt that this fact might be shown, and if proved, that the whole proceeding would be *coram non judice* and void ? The fourth section of the act under which this conviction took place, (2 *N. R. L.* 194, 195.) after specifying the offences of violating the sabbath, and interrupting and disturbing any assembly of people met for religious worship, proceeds to denounce the penalty, and provides, in case such offender be legally convicted, that he shall immediately pay the sum so forfeited, which may be a sum not exceeding twenty-five dollars ; and if he does not immediately pay the amount, with the charges of conviction, or give security, to the satisfaction of the Justice, for the payment thereof, within twenty days thereafter, then the Justice may, by warrant, under his hand and seal, commit the offender to the common gaol of the county for a term not exceeding thirty days. The ninth section provides, that every Justice shall, upon information given upon the oath of any person, *cause every offender against the act to appear before him,* and upon such information being proved, shall convict such of-

NEW-YORK, fender in such manner as in and by the act is prescribed.
May, 1821. The tenth section gives the form of conviction, and prohi-
BIGELOW bits the removal into the Supreme Court, by *certiorari*, of
v.
STEARNS. any adjudication or conviction by virtue of the act. The
importance and value of the principle, that the Justice has
not jurisdiction, unless the person convicted shall be legally
before him, becomes more apparent, when we perceive that
the aggrieved party is deprived of every method of protect-
ing himself, but by action against the Justice.

Was the plaintiff legally before the Justice? I consider
the process issued by the defendant as unexceptionable; it
had no seal, and there is nothing in the act requiring it.
The constable returned upon it, that he had served it by
reading. It appeared in evidence that the plaintiff was ne-
ver before the Justice; that the process was served by read-
ing it to the plaintiff in the presence and hearing of his fa-
ther, who now prosecutes as guardian *ad litem* to his son.
The father requested the constable to delay the return of
the process, until the next day at 10 o'clock, as he wished to
take counsel, and that he would attend before the Justice
the next day for his son. This conversation took place when
the officer served the process, and in the plaintiff's hearing
and presence, and he did not object to the arrangement.
The father appeared with counsel before the Justice, and
objected to the process and the manner of its being served,
and insisted that the plaintiff ought to have been brought
personally into Court; these objections were overruled,
and then *Gale Bigelow* withdrew with his counsel.

It is a settled principle, that whenever a statute confers a
new power upon Justices of the Peace, they must proceed
in the mode prescribed by the statute. Various British
statutes confer power on Justices of the Peace, to inflict pe-
nalties for offences, on conviction, without requiring that the
party should be summoned or compelled to appear. In 4th
*Bl. Com.* 382., it is said, the Courts of common law have
thrown in one check upon them, (summary convictions,) by
making it necessary to summon the party accused before he
is condemned; and it is now held to be an indispensable re-
quisite. (2 *Ld. Raym.* 1405. 1 *Salk.* 181.) It is evident, that
the summoning of the accused, was not specifically required;

Yet this has been considered a principle so necessary to the impartial administration of justice, that it cannot be dispensed with. The statute authorizing the proceedings against the plaintiff, requires of the Justice to cause every offender against the statute to be brought before him.   This, I consider essential to his jurisdiction ; first, because, the statute is mandatory upon the Justice that it shall be done, and it is the mode pointed out in which we shall execute the summary powers confided to him; and, secondly, because, from the nature of the case, the offender must be present; the party convicted has an option given him of paying the forfeiture, or giving security for the payment in twenty days ; in default of complying with either alternative, the Justice is bound to commit him, for a period not exceeding thirty days. It is essential that the offender should have an opportunity of electing to comply with one of the alternatives offered to him, by being present and informed of the forfeiture adjudged. It is no answer to say, that being summoned, he might appear. It was the duty of the Justice to cause him to be brought before him.   Neither is it an answer, that being an infant, he appeared by his father. It is not a suit in which there can be a guardian *ad litem*.   Under the twenty-five dollar act, in a proceeding instituted by warrant, had the same facts occurred, the proceedings would have been erroneous.

Judgment for the plaintiff.