Curia, per Woodworth, J.
If this action can be sustained, it must be on the ground that the justices had no jurisdiction of the process, and of the person of the plaintiff. It appears to me the sole question is, whether the arrest and detention, under the process issued to bring the plaintiff before the justices for examination, was not a false imprisonment. After the plaintiff was before them, if he voluntarily submitted to an examination, and the justices erred in the subsequent proceedings, yet, as they then had jurisdiction of the person and subject matter, those proceedings were not void, but voidable; liable to be reversed for error ; but not coram non judies, so as to lay the foundation for an action of trespass.
The 7th section of the statute (1 R. L. 280, 281,) directs that the warrant -shall be issued to the constable of the *town likely to become chargeable. In this case the warrant was directed to any constable of the county. The direction was more extensive than the statute ; but it necessarily included the constables of the town of Le Bay; omne majus in se coniinei minus. I rather consider this as surplusage, that might be rejected, had a constable of Le Bay served the process! I think -it would be a substantial compliance with the act. The statute is explicit that the constable of the town shall be commanded to bring the stranger before the justices, and the justices are authorized to examine every stranger so brought before them-; .and -if, upon such examination, they shall find him likely to become -a charge, they may remove. The right to bring-a person for examination is given; -the manner that right is to be exercised is prescribed. When a rule is laid down for the government of inferior jurisdictions, we .are not at liberty to inquire whether it can be safely departed from.;, whether the mode pursued is equally beneficial to the party, as that pointed out by the statute. The answer to arguments of this kind, is, that the law has prescribed the manner in which the person of the pauper may be appre *272 hended. If the appearance of the pauper is not voluntary, jurisdiction of Ms person cannot be acquired, unless the course prescribed is pursued. Here there was no assent, no waiver of the right to question the legality of Ms caption and detention. He was brought before the justices by compulsion; illegally held as a prisoner, and examined. Ho question was raised at the time respecting the arrest, or whether he waived any previous irregularity. If it had appeared in the bill of exceptions, that the plaintiff consented to be examined, such consent would only go to warrant the subsequent proceeedings. It would leave the question untouched, whether the justices had illegally caused him to be arrested. He cannot be precluded from his action for his illegal imprisonment, unless he voluntarily submitted to it; and waived the irregularity in the process.
In this ease, the warrant was delivered to a constable of a different town, not authorized by the statute to serve it. *He arrested the plaintiff by order from the justices, and consequently, if there was no authority, they are trespassers. This part of the case does not implicate Herrick, one of the defendants. He was not one of the justices who issued the warrant. His liability will depend on the regularity of the subsequent proceedings. "Without deciding whether it was or was not competent for the defendants to take the examination and make the order of removal, Herrick not being one of the justices who issued the warrant, it may be observed, that if the opinion expressed as to the apprehension and imprisonment of the plaintiff be correct, it follows that the subsequent proceedings cannot be supported. I admit that, had it appeared that the plaintiff voluntarily consented to be examined, it would not, as to the subsequent proceedings, be material to inquire in what manner the plaintiff came or was brought before the justices. But consent cannot be inferred, when it appears, that, at the time of examination, the plaintiff was held as a prisoner under an unlawful arrest. His acts are referrable rather to constraint than otherwise. The subsequent proceedings, then, can only be supported by showing that the previous *273 steps were upon authority of law. The statute confers the r , . Power to removej “j upon such examination, the justices shall find the pauper is likely to become a charge; that is, upon an examination, had in consequence of the apprehension and bringing the pauper before them, in the manner directed by the act. The statute confers no power to remove upon an examination of the pauper, when it appears that he has been wrongfully imprisoned, and illegally brought before the justices. It is only upon an examination when the pauper is rightfully brought before, them. The statute, when speaking in the 7th section, if upon such examination, intends that it shall be had, and predicated on the proceedings previously prescribed. If there has been a failure in this respect, (and there is no evidence of a voluntary appearance and consent to be examined, which I have no doubt would be within a just construction of the statute,) it seems to follow, that the order of removal and the proceedings *under it, are void. The doctrine advanced is supported by the case of Bigelow v. Stearns, (19 John. 3.) It is there laid down, that if a court of limited jurisdiction issues process which is illegal; or if a court, whether its jurisdiction be limited or not, holds cognizance of a cause without having gained jurisdiction of the person of the defendant, by having him before them in the manner required by law, the proceedings are void.[1]
In that case chief justice Spencer observed, “I consider it perfectly well settled, that to justify an inferior magistrate in committing a person, he must have jurisdiction, not only of the subject matter of the complaint, but also of the process and the person of the defendant.”
On these grounds, I am of opinion that the plaintiff is *274 entitled to recover, a new trial granted, The nonsuit must be set aside: and . . , . . - , ' with costs to abide the event.
New trial granted.

 Justices’ courts can take nothing by implication; but are strictly confined to the authority given them by statute. 1 J. Cas. 20. 1 Cal 191. The rule is well settled, that if a justices’ court acts in a matter of which the statute has given it no jurisdiction, its proceedings are absolutely void. 17 J. R. 145. 3 Cow. 309. 11 J. R. 175. Nor can the parties confer jurisdiction by their own acts. Thus, if a justices’ court try an action for slander, libel, or assault and battery, the proceedings are void, though the parties appear and consent to go to trial. 3 Cow. 206; 1 Wend. 210; 8 J. R. 409; 14 J. R. 432.