## DUCKWORTH v. JOHNSTON.

1. A warrant issued by a justice of the peace, and affidavit on which it was founded, alledging that the defendant therein "has property in his hands in a fraudulent condition," does not charge an offence known to the law; and the officer who executed, as well as the person who caused it to be issued, are liable in trespass to the party arrested.

Writ of error to the Circuit Court of Shelby.

THIS was an action of trespass *vi et armis*, at the suit of the defendant in error, against the plaintiff. The declaration charges, that the defendant, with force and arms, wrongfully and maliciously assaulted and seized the plaintiff, and detained him in custody, without any reasonable or probable cause, for the space of fifteen hours. The cause was tried on the plea of *not guilty;* and on the trial the defendant excepted to the ruling of the Court. From the bill of exceptions, it appears that the plaintiff was arrested at his own house, by a constable, under a warrant, as follows: "Whereas, complaint has been made before me, N. Lee, a justice of the peace, by Obadiah Duckworth, that Thomas Johnston has property in his hands in a fraudulent condition. These are therefore to command any legal officer of said county, to apprehend the said Johnston, and bring him forthwith before me, or some other justice of the peace, at," &c. "that he may be dealt with according to law," &c. The

defendant's counsel prayed the Court to charge the jury, that the warrant was not void, and that the action of trespass would not lie; but this instruction was refused—the Court charged that the warrant was void, and that the action was not misconceived. *Further,* if the constable arrested the plaintiff in virtue of the warrant, he was a trespasser, and all persons who aided or assisted in such arrest, or procured it to be made, were also trespassers. Thereupon the jury returned a verdict for the plaintiff, and judgment was rendered accordingly.

PECK, for the plaintiff in error.

W. P. CHILTON and F. W. BOWDON, for the defendant, to show that the warrant did not conform to the statute, which makes the fraudulent conveyance of property, with intent to hinder and delay creditors, an indictable offence, cited Clay's Digest, 419, §19. The justice of the peace had no jurisdiction of the matter stated in the warrant. [2 Strange's Rep. 993; 11 Johns. Rep. 444; 11 Wend. Rep. 31; 12 Johns. Rep. 257; 2 Stew. Rep. 412.]

COLLIER, C. J.—The terms of the warrant under which the defendant caused the plaintiff to be arrested, are indeed unusual, and we are at a loss to conjecture the authority for issuing it, or the object proposed to be effected by it. By the first section of the act of 1841, " to extend the jurisdiction of justices of the peace in certain cases," (Clay's Dig. 358,) it is enacted that " any one justice of the peace shall have jurisdiction in all cases of damages, whether the same arose from matter of contract, or any kind of tort, or wrong done, whatever, (except actions of slander,) where the damages claimed by the plaintiff do not exceed twenty dollars: *Provided,* that either party shall have the right to an appeal from the judgment of the justice to the next superior Court of the county."

The nineteenth section of the fourth chapter of the " Penal Code," provides, that " every person who shall make or receive any conveyance, deed or other writing, of real or personal property, with intent to delay, hinder and defraud creditors, shall, on conviction, be fined, not less than fifty dollars, nor more than one thousand dollars, and may, at the discretion of the jury, be imprisoned in the county jail for a period not exceeding six months." [Clay's Dig. 419.]

The precept to the constable is, in form, a *capias;* it is a command to the officer to apprehend the defendant in the warrant, and bring him forthwith before some justice of the peace, that he may be dealt with according to law. The mandate is not given *in totidem verbis* in the name of the State, but it is sufficiently apparent from the phraseology employed, that it was the initiatory process in a criminal prosecution. If the warrant had been framed in reference to the first act cited, it would have been, in form, a summons, and in the name of an individal seeking to recover for what he supposed to be a breach of contract, or a tort.

In general terms, the charge made by the defendant against the plaintiff, was, that " he has (had) property in his hands in a fraudulent condition;" and it is for this undefined allegation that the warrant for his arrest issued. Now the mere fact that one is the custodian of property, in fraud of the rights of others, or holds it to the prejudice of his own, or third persons creditors, will not subject him to proceedings at the instance of the State. The sixteenth section of the ninth chapter of the Penal Code, (Clay's Dig. 447,) after designating the officers who shall issue process against persons charged with criminal offences, prescribes the rules and regulations under which they are to act, in the following terms : " Upon complaint being made to any such magistrate, that a criminal offence has been committed, it shall be the duty of such magistrate to examine, on oath, the complainant, and any witnesses who may be produced by him, and shall cause the same to be subscribed by the parties examined; and if it shall appear that any such offence has been committed, the magistrate shall issue a warrant reciting the substance of the accusation, requiring the officer to whom it is directed, forthwith to take the person accused, and bring him before the said magistrate, or some other magistrate of the county, to be dealt with according to law." The warrant in the present case, it must be intended, recites the substance of the accusation ; but it is defective, because the accusation itself, though true, is not criminally punished. Conceding that we may look behind the warrant, to the affidavit, and the defect will not be cured. The affidavit which the warrant recites as its predicate, does not charge an offence, and for any thing appearing upon either, the entire proceeding was *coram non judice.*

We have examined the act of 1812, which prescribes a mode of trying whether a conveyance by a debtor of his property, was made in fraud of the rights of creditors, (Clay's Dig. 211, § 51 ;) as well as the act of 1839, " to abolish imprisonment for debt," (Meek's Sup. 104-6,) which authorizes proceedings where the debtor is supposed to have fraudulently disposed of his estate or effects, &c.; but neither of these acts lend any support to the warrant in question..

The case stated in the warrant, being without the jurisdiction of the justice of the peace, it necessarily follows that the warrant is void for defects apparent upon its face ; and the only remaining inquiry is, whether, under such circumstances, the action is misconceived.

It is laid down, that where the court has jurisdiction of the cause, and merely proceeds erroneously, an action does not lie against the party who sues, or the officer or minister of the Court, who executes the precept or process. [10 Coke's Rep. 76, a ; 3 Caine's Rep, 267, 274 ; 7 Cow. Rep. 269 ; 19 Johns. Rep. 3.] But if the Court have no jurisdiction of the cause, the whole proceeding is *coram non judice ;* and an action will lie against them, without any regard to the precept or process. [2 Wils. Rep. 384 ; 8 T. Rep. 424 ; 5 M. & S. Rep. 314.] In Easton v. Callendar, 11 Wend. Rep. 94, it is said, that " where the party or inferior magistrate, or any one acting in that character, extends the power of the Court, or statute, to a case to which it cannot be lawfully extended, they become trespassers, and are amenable to the party aggrieved, as such." [See, also, 13 Johns. Rep. 444 ; 11 Wend. Rep. 31.] In Savacool v. Boughton, 5 Wend. Rep. 180-1, Mr. Justice Marcy considers it to be clear law, that where an inferior Court has not jurisdiction of the subject matter, or, having it, has not jurisdiction of the person of the defendant, all its proceedings are absolutely void ; neither the members of the Court nor the plaintiff, (if he procured or assented to the proceeding,) can derive any protection from them, when prosecuted by a party aggrieved thereby. *Again,* if a mere ministerial officer executes any process, upon the face of which it appears that the Court which issued it had not jurisdiction of the subject matter, or of the person against whom it is directed, such process will afford him no protection for acts done under it. *And lastly,* if the subject matter of a

suit is within the jurisdiction of a Court, but there is a want of jurisdiction as to the person or place, the officer who executes process issued in such suit, is no trespasser, unless the want of jurisdiction appears by such process. [See, also, Bul. N. P. 83; Willes' Rep. 32, and cases cited there by Loid Ch. J. Willes; 13 Johns. Rep. 444; 11 Id. 444; 12 Id. 257; 15 Id. 152; 10 Wend. Rep. 128; 7 Wend. Rep. 200; 16 Id. 574; 2 Stew. Rep. 412.]

Where injury is done to a person by the regular process of a competent Court, although it may have been the result of malice, case is said to be the proper remedy, and trespass is not sustainable. [1 T. Rep. 535; 3 Id. 185; 6 Id. 315; 3 Starkie's Ev. 1446; 2 Conn. Rep. 700; 9 Id. 141, 148; 1 Chitty's Plead. 187-8; 6 Wend. Rep. 382.]

Having determined that the warrant was a nullity, it follows necessarily, that it should not have been executed; and the authorities cited, conclusively show that not only the officer, but the party who caused it to be issued, are liable in trespass to the plaintiff. The consequence is, that the judgment of the Circuit Court must be affirmed.