## LEWIS PIPER *vs.* TIMOTHY PEARSON.

A judge of an inferior court, acting in a case of which he has no jurisdiction, or exceeding his jurisdiction, is liable in damages to any party injured.

Thus, a justice of the peace, who, in the course of the trial of a case of which a police court has exclusive jurisdiction, commits a witness to prison for contempt, is liable to an action by the witness.

As the police court of Lowell has exclusive jurisdiction of all offences committed within that city, a record of a conviction, before a justice of the peace for the county of Middlesex, of an offence alleged to have been committed in the city of Lowell, shows *prima facie* a want of jurisdiction in the justice.

The record of a conviction by an inferior court must show, in order to protect the justice from liability to a person imprisoned pursuant to such conviction, that the case was within the limits of his jurisdiction.

ACTION OF TORT against a justice of the peace, residing in Dracut, for assault, battery and false imprisonment. Answer, that the plaintiff was imprisoned in the county jail, in due process of law, for a contempt of court.

At the trial, the plaintiff gave in evidence copies, certified by the defendant, of the following papers : A complaint made to the defendant, charging John Russ with an unlawful sale of intoxicating liquors in Lowell; and a warrant issued thereon for the arrest of Russ ; a mittimus issued by the defendant for the commitment of the plaintiff to prison for refusing to testify on the trial of said complaint before the defendant at Lowell, concerning sales of intoxicating liquors, made by Russ, and known to the witness; and a subsequent judgment of acquittal of Russ by the defendant.

By *St.* 1848, *c.* 331, § 4, the exclusive jurisdiction of all crimes and offences committed within the district of Lowell is vested in the police court of Lowell.

The defendant relied, for his justification, on the record of the judgment; and contended that no sufficient proof had been adduced to show that his acts were without jurisdiction and void. But *Metcalf*, J. ruled that the record and mittimus constituted no defence. And to this ruling the defendant, being found guilty, alleged exceptions.

*B. F. Butler*, for the defendant. Notwithstanding *St.* 1848, *c.* 331, § 4, the defendant might still, as a justice of the peace,

hold a court in Lowell, for the trial of offences committed else-where in his county. Rev. Sts. c. 85, §§ 31, 32. It does not appear where the offence was in fact committed; and the magistrate, actually sitting in the exercise of his office, will be presumed to be acting rightfully till the contrary be shown; at least so far as to protect him.

It does not appear but that he was judicially examining the very question of his jurisdiction in this case, when the contempt took place. But the statute does not make the right of the magistrate to commit for contempt depend upon his jurisdiction of a particular case. It provides for two cases; *first*, " such disorderly conduct as shall interrupt any judicial proceedings before him," or, *second*, " be a contempt of his authority or person." Rev. Sts. c. 85, § 33. There were judicial proceedings pending before the defendant when he issued his mittimus ; and he was the sole judge whether the conduct of the witness was in contempt of his authority, subject only to impeachment for the unjust exercise of his power. *Lining* v. *Bentham*, 2 Bay, 1. *The State* v. *Johnson*, 2 Bay, 385.

At the worst, it was but an error of judgment, for which he is not liable, if he acted honestly. If the defendant is not protected, the judges of the circuit courts of the United States, who are occupied a great portion of the time in trying questions of their own jurisdiction, are liable in damages to the losing party, whenever they decide erroneously in favor of their own jurisdiction; and are not protected, in such cases, from inter-ruption and insult.

The second clause of the statute is intended for the magis-trate's protection as well while he is out of court as while actually sitting. Otherwise, the moment a magistrate had passed upon a particular case, and his jurisdiction had ceased, he would be liable to insult, without any power to punish. By the common law, contemptuous words spoken of a magistrate, though not interrupting his proceedings, are punishable by indictment. *Hol-lingsworth* v. *Duane*, Wallace, 77. *Brooker* v. *Commonwealth*, 12 S. & R. 175.

*H. G. Blaisdell*, for the plaintiff.

BIGELOW, J. The decision of this case depends on the familiar and well settled rule concerning the liability of courts and magistrates exercising an inferior and limited jurisdiction, for acts done by them, or by their authority, under color of legal proceedings.

One of the leading purposes of every wise system of law is to secure a fearless and impartial administration of justice, and at the same time to guard individuals against a wanton and oppressive abuse of legal authority. To attain this end, the common law affords to all inferior tribunals and magistrates complete protection in the discharge of their official functions, so long as they act within the scope of their jurisdiction, however false and erroneous may be the conclusions and judgments at which they arrive. But on the other hand, if they act without any jurisdiction over the subject matter; or if, having cognizance of a cause, they are guilty of an excess of jurisdiction; they are liable in damages to the party injured by such unauthorized acts. In all cases therefore where the cause of action against a judicial officer, exercising only a special and limited authority, is founded on his acts done *colore officii*, the single inquiry is whether he has acted without any jurisdiction over the subject matter, or has been guilty of an excess of jurisdiction. By this simple test, his legal liability will at once be determined. 1 Chit. Pl. (6th Am. ed.) 90, 209–213. *Beaurain* v. *Scott*, 3 Campb. 388. *Ackerley* v. *Parkinson*, 3 M. & S. 425, 428. *Borden* v. *Fitch*, 15 Johns. 121. *Bigelow* v. *Stearns*, 19 Johns. 39. *Allen* v. *Gray*, 11 Conn. 95. If a magistrate acts beyond the limits of his jurisdiction, his proceedings are deemed to be *coram non judice* and void; and if he attempts to enforce any process founded on any judgment, sentence or conviction in such case, he thereby becomes a trespasser. 1 Chit. Pl. 210. 19 Johns. 39. [See *Clarke* v. *May, post*, 410.]

These well settled principles leave no room for question as to the liability of the defendant in this action. As a justice of the peace for the county of Middlesex, he had no jurisdiction whatever to try the complaint against Russ. It was for an offence committed " within the district of Lowell," of which

the police court of the city of Lowell had exclusive jurisdic‹ tion by *St.* 1848, *c.* 331, § 4, and which the justice of said court was legally competent to try and determine. *Commonwealth* v. *Emery,* 11 Cush. 406, 412. The defendant therefore acted wholly without legal authority, and can show no legal justification under any judicial record.

It was urged on the part of the defendant, that he had author ity to punish the plaintiff for contempt, although he had no jurisdiction to try the principal case before him. But the answer to this suggestion is obvious. The power to punish for contempt is only incidental to the more general and compre= hensive authority conferred on a magistrate, by which he is empowered to exercise important judicial functions. It is to enable him to try and determine causes without molestation, and protect himself from indignity and insult, that the law gives him authority to punish such disorderly conduct as may interrupt judicial proceedings before him or be a contempt of his authority or person. Rev. Sts. *c.* 85, § 33. But it is only when he is in the proper exercise of his judicial functions, that this power can be exercised. If he has no jurisdiction of a cause, he cannot sit as a magistrate to try it, and is entitled to no protec‐ tion while acting beyond the sphere of his judicial power. His action is then extrajudicial and void. His power and authority are commensurate only with his jurisdiction. If he cannot try the case, he cannot exercise a power which is only auxiliary and incidental. There can be no contempt, technically speaking, where there is no authority. In the case at bar, the defendant had no more power to entertain jurisdiction of the complaint against Russ than any other individual in the community. Although he acted through mistake, it was nevertheless a usurpation. The plaintiff therefore could not have been guilty of contempt toward the defendant in his capacity as a magistrate, while trying a cause of which he had no jurisdiction; and the commit‐ ment therefor was unauthorized and void.

It was suggested by the counsel for the defendant, that there was nothing in the case from which it could be properly inferred that the offence with which Russ was charged was actually

committed in the city of Lowell; and that as the defendant, by virtue of his authority as a justice of the peace, had cognizance of offences committed elsewhere in the county of Middlesex, which he might well hear and determine in the city of Lowell, the presumption was that he was acting rightfully, till the contrary was shown. But there are two decisive answers to this argument. In the first place, the record on its face sets out an offence committed in the city of Lowell. That being a district set apart by statute, in which the police court has exclusive jurisdiction of criminal offences usually cognizable by magistrates, and the offence being charged as having been committed in Lowell, the record legally imports that it was committed there. 1 Stark. Crim. Pl. (2d ed.) 62. Bac. Ab. Indictment, G. 4.

But in the next place, it was for the defendant to show a complete justification for the alleged trespass; if the record left it doubtful whether he had jurisdiction of the offence, it would not avail as a defence to the action. There is a marked distinction in this respect between courts of general jurisdiction and inferior tribunals having only a special or limited jurisdiction. In the former case, the presumption of law is that they had jurisdiction, until the contrary is shown; but with regard to inferior courts and magistrates, it is for them, when claiming any right or exemption under their proceedings, to show affirmatively that they acted within the limits of their jurisdiction. *Peacock* v. *Bell*, 1 Saund. 74 *& notes*. *Mills* v. *Martin*, 19 Johns. 33, 34. The record in the present case *prima facie* shows a want of jurisdiction in the defendant  *Exceptions overruled.*