Mr. Justice Olin
delivered the opinion of the court:
The act requiring justices of the peace to give a bond with sureties was passed by the late legislative assembly for this District. The conditions of the bond are set out in the com *522 plaint. The conditions are these: First, that said Robinson shall well and faithfully perform the duties of the office of a justice of the peace5 and, second, that the said justice shall pay over all moneys which shall come to his hands by virtue of said office.
It is the first condition of the bond upon which the plaintiff relies to maintain this action, and the case presents .the question as to the meaning of the first condition of the bond as affecting Robinson’s sureties. If that condition means anything, I think it means this and this only, that Robinson should discharge the duties of the office of justice of. the peace to the best of his ability.
In the assignment of the breach of this bond, it is not averred that the justice knowingly, willfully, or wrongfully omitted to do what ought to have been done, or that in doing what he did by way of issuing process, he knowingly, will, fully, or corruptly instituted the proceedings to the injury of the complainant. Any other construction of the condition of this bond than we have before indicated as its true meaning would require us to hold that, if a justice of the peace gave an erroneous judgment upon the facts proven before him to the damage of some suitor, the latter, instead of applying to the proper tribunal to correct the error, may bring an action against the justice and his sureties to recover damages to the extent he can prove himself to be injured. This, to say the least of it, would be a very extraordinary way of reviewing the errors of inferior tribunals. The law has provided various and multiplied remedies for correcting any or all errors which may be committed by magistrates of limited or inferior jurisdiction.
We are well aware that a rule of law, as well settled as a rule of law can be by judicial decisions, is that a justice of the peace who issues process without having jurisdiction of the person of the defendant, or without having jurisdiction of the subject-matter of the controversy, may be sued in trespass, if such process was an injury to persons or property. In a leading case upon this .subject, reported in 19 Johns., 39, Bigelow vs. Stearns, the law laid down by Chief-Justice Spencer is correct. In- that case it was held that, “if a court of limited jurisdiction issues, process which *523 is illegal, or if a court, whether its jurisdiction be limited or not, holds cognizance of; a cause without having gained jurisdiction of the person of the defendant by having him before the court in the manner required by law, the proceedings are void.”
And, in the case of a limited and special jurisdiction, the magistrate attempting to enforce a proceeding founded on any judgment, sentence, or conviction in such case is a trespasser.
The rule as to the liability of inferior magistrates is well stated by Chief Justice Savage in the case of Atkins vs. Brewer, wherein he says, in a case where a justice of the peace has no jurisdiction whatever and undertakes to act, his acts, are eoram non judice and void equally as if he were not a justice. If he has jurisdiction, but errs in exercising it, then his acts are not void, but voidable only: in the former case he is personally liable, in the latter he is not.