## McCARG v. BURR.

(Supreme Court, Appellate Division, Third Department. June 29, 1905.)

1. JUSTICES OF THE PEACE—CRIMINAL PROCESS—PLACE OF RETURN.

Laws 1899, p. 520, c. 275, § 35, gives justices of the peace of a certain city the same powers, duties, and jurisdiction, except in criminal cases, as justices of towns. Code Cr. Proc. § 56, gives county courts of special sessions exclusive jurisdiction to determine charges of cruelty to animals.

Pen. Code, § 655, declares cruelty to animals a misdemeanor. Code Cr. Proc. § 151, requires a warrant, issued by a justice upon complaint, to direct that defendant be brought before the magistrate issuing the same, or, if the offense was committed within another town and is one which a court of special sessions has jurisdiction to try, it must direct that defendant be brought before a magistrate of the town in which the offense was committed. *Held*, that a complaint charging cruelty to animals committed in another town did not authorize a justice of the city in question to make a warrant for the arrest of accused returnable to himself.

2. FALSE IMPRISONMENT—LIABILITY OF JUSTICE—ISSUANCE OF VOID PROCESS.·
Since the warrant was in excess of the justice's jurisdiction to issue, and was void, the act of the justice in trying, sentencing, and imprisoning the accused upon such warrant, over the latter's objection to the justice's want of jurisdiction, constituted false imprisonment, for which the justice was civilly liable in damages notwithstanding his judicial position.

3. SAME.
Nor did the fact that Code Cr. Proc. § 164, requires the person executing the warrant to take accused to the nearest accessible magistrate, if the magistrate of the town before whom defendant is directed to be taken is absent or unable to act, and thus would have given the justice jurisdiction to try the accused under certain conditions, give him jurisdiction over the accused in the case specified, so as to exempt him from civil liability.

Houghton and Chester, JJ., dissenting.

Appeal from Trial Term, Fulton County.

Action by John McCarg against John W. Burr. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

The defendant was, in 1901, a justice of the peace of the city of Gloversville. Upon the 29th day of July, 1901, he issued a warrant for the arrest of the plaintiff herein upon an information and depositions charging a violation of section 655 of the Penal Code at the town of Mayfield, Fulton county, N. Y., to wit, cruelty to animals, which offense is enumerated as subdivision 27 of section 56, Code of Criminal Procedure. The warrant required that the plaintiff be brought before the defendant,· as said justice. Under said warrant the plaintiff was arrested and arraigned before said justice upon the 30th day of July, 1901. He was informed of his right to employ counsel, and the case was adjourned by the court, to permit the defendant to procure counsel, to the 10th day of August, 1901, and the defendant remanded to the custody of an officer. On August 10, 1901, the plaintiff appeared with his counsel, who, at the opening of the court, objected to any further proceedings, and moved for his discharge upon the grounds, among others, that as the crime was committed in the town of Mayfield, Fulton county, the court was without jurisdiction, and that the warrant was fatally defective in that it did not contain the direction required by section 151 of the Code of Criminal Procedure, viz., "that the defendant be brought before a magistrate of the town in which the offense was committed." These objections were overruled.· The jury was impaneled, the plaintiff was tried and found guilty, and an adjournment was taken until the 14th day of August, 1901, for the purpose of pronouncing sentence. Upon said date the plaintiff appeared, and again renewed his objection to the jurisdiction of the court. The defendant sentenced the plaintiff to pay a fine of $25, and be imprisoned in the Fulton county jail not exceeding 25 days in default of the payment thereof. An appeal from said conviction was taken upon the 14th day of August, 1901, to the Fulton County Court, which conviction was thereafter reversed by said court. Thereafter, and upon the 5th day of February, 1903, this action was brought to charge the defendant for damages for false imprisonment. The jury rendered a verdict in favor of the plaintiff for the sum of $175 and costs, and judgment was thereafter entered for the sum of $279.58. A motion was made for a new trial, which was

denied, and from this judgment, and this order denying the motion for a new trial, this appeal has been taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

N. H. Anibal, for appellant.

Eugene D. Scribner, for respondent.

SMITH, J. The charter of the city of Gloversville (chapter 275, p. 500, of the Laws of 1899) provides for the election of two justices of the peace, and by section 35 of that act it is provided that:

"The justices of the peace of the city of Gloversville shall have the same power, duties and jurisdiction, the same fees and compensations, and be subject to the same liabilities as if the city of Gloversville were a town in the county of Fulton, and they were justices of the peace thereof; except that they shall have no jurisdiction in any criminal action or proceeding or special proceeding of a criminal character, other than a bastardy proceeding, for or on account of any offense committed or charged to have been committed within said city, except as otherwise provided herein in the case of the absence or inability or disability of the recorder."

By section 56 of the Code of Criminal Procedure courts of special sessions are given exclusive jurisdiction to hear and determine charges of misdemeanors committed within their respective counties in certain cases, among which is specified cruelty to animals or children. By section 655 of the Penal Code a person is declared guilty of a misdemeanor who cruelly beats or unjustifiably injures an animal, whether belonging to himself or to another. By section 151 of the Code of Criminal Procedure is provided the form of a warrant to be issued by a justice upon a complaint. In that section it is provided:

"The warrant must direct that the defendant be brought before the magistrate issuing the warrant, or if the offense was committed in another town, and is one which a court of special sessions has jurisdiction to try, or which a magistrate has jurisdiction to hear and determine, he must direct that the defendant be brought before a magistrate of the town in which the offense was committed."

The complaint presented to the defendant showed sufficient cause for the issuing of a warrant for the arrest of the plaintiff. The warrant, however, made returnable to himself, was clearly in excess of his authority, and in violation of the provisions of the Code of Criminal Procedure. The offense having been committed in the town of Mayfield, and not within the city of Gloversville, the warrant should have been made returnable to a justice of the peace within the town of Mayfield. Upon this warrant, issued without authority, the plaintiff was brought before the defendant, and, although objecting to the jurisdiction of the defendant, was tried, convicted, and imprisoned by sentence which defendant pronounced. He has been deprived of his liberty by process issued by the defendant without authority, and which was void. For this unlawful imprisonment the defendant is clearly liable, unless he be excused by reason of his judicial position, and because his act in issuing the warrant was a judicial act, for liability for which the law, through public policy, exempts a public officer.

In Bigelow v. Stearns, 19 Johns. 39, 10 Am. Dec. 189, the headnote reads:

"If a court of limited jurisdiction issues process which is illegal, or if a court, whether its jurisdiction be limited or not, holds cognizance of a cause without having gained jurisdiction of the person of the defendant by having him before them in the manner required by law, the proceedings are void. And, in the case of a limited and special jurisdiction, the magistrate attempting to enforce a proceeding founded on any judgment, sentence, or conviction in such a case is a trespasser. Whenever a new power is conferred on a justice of the peace, he must proceed in the mode prescribed by the statute. Where the act for suppressing immorality, which authorizes a justice to convict for offenses against the statute, requires him to cause the party to be brought before him, and upon proof, etc., to convict him in the manner prescribed, held, that the justice could not, on the return of the precept or summons personally served, proceed to hear the proofs and convict the party, who had failed to appear, without having him brought before him."

In Reynolds v. Orvis, 7 Cow. 269, the defendants, as justices of the peace, had issued a warrant, and had delivered it to a justice of a town other than that in which the plaintiff, a claimed pauper, resided. The plaintiff was arrested and brought before the justices, who examined him and made the order of removal, which was executed. By 1 Rev. Laws, p. 280, § 7, a warrant for the examination of a pauper might be directed to the constable of the county where the pauper resided. But it could only be executed by a constable of the town where the pauper resided. In that case it was held that while the justices had authority to issue the warrant, because they delivered it to a constable of a town other than that in which the pauper resided, and proceeded upon an arrest made by such constable of such other town, they were liable for the false imprisonment. It was there held that the justices had no jurisdiction of the process and of the person of the defendant, and that the matter was coram non judice, and the acts of the justices therein were held to be unlawful, and to constitute a false imprisonment of the plaintiff. In the opinion in that case it is said:

"The doctrine advanced is supported by the case of Bigelow v. Stearns, 19 Johns. 39, 10 Am. Dec. 189. It is there laid down that if a court of limited jurisdiction issues process which is illegal, or if a court, whether its jurisdiction be limited or not, holds cognizance of a cause without having gained jurisdiction of the person of the defendant by having him before them in the manner required by law, the proceedings are void. In that case Chief Justice Spencer observed: 'I consider it perfectly well settled that, to justify an inferior magistrate in committing a person, he must have jurisdiction, not only of the subject-matter of the complaint, but also of the process and the person of the defendant.'"

In Blythe v. Tompkins, reported 2 Abb. Prac. 468, Judge Balcom, at Special Term, held:

"A justice of the peace acts ministerially in issuing and delivering a criminal warrant to an officer to be executed. If such a warrant is not valid on its face, the justice who issues and the officer who executes it are liable for assault and battery and false imprisonment at the suit of the person arrested upon it."

It is undoubtedly true that, for an error of judgment in performing a judicial act, a judicial officer is not responsible civilly. For an erroneous determination that the facts stated in a complaint

are sufficient to constitute a crime, he is exempt from liability, because the act is judicial. If, however, the facts be stated only upon information and belief, it is held that that is not a statement of facts sufficient to call 'for the exercise of judicial judgment, and for the issuance of a warrant upon such complaint a justice is held liable in a civil action. McKelvey v. Marsh, 63 App. Div. 369, 71 N. Y. Supp. 541.

The cases are not entirely in accord in defining the border line beyond which a judicial officer cannot go without subjecting himself to civil liability. Some confusion has arisen also in the statement of the law as applied to actions against the judicial officer, and as applied to actions against the executive officer who executes the warrant which the judicial officer issues. It may be, if in certain cases this justice had authority to issue this warrant returnable to himself for an offense committed in the town of Mayfield, then his failure properly to determine that this was such a case does not render him civilly liable. See Hoose v. Sherrill, 16 Wend. 33. Such an act would seem to be held to be a judicial determination, from liability for which he is exempted. Also, if the jurisdiction were once obtained of the subject-matter and of the defendant, a mistake as to the extent of the jurisdiction has been held to be a mistake for which the judicial officer is not liable. Austin v. Vrooman, 128 N. Y. 233, 28 N. E. 477, 14 L. R. A. 138. In analogy with the rule held in this case, it is strongly urged that, inasmuch as a complaint was presented sufficient to authorize the defendant to act, his error in determining the nature of the warrant which he should issue, or where it should be returnable, must be deemed a judicial act. The same argument, however, might have been made in the case of Reynolds v. Orvis, cited. There, upon a sufficient complaint, the proper warrant was issued, but delivered to the wrong constable. The determination by the justices of what constable should execute the warrant was certainly no less a judicial determination than the determination as to where the warrant should be made returnable. The justices were there held liable civilly as for false imprisonment. This case has been often cited and never discredited, and, in the absence of authorities holding the contrary rule, should, upon the principle of stare decisis, govern our determination of this appeal.

The defendant urges that this is a judicial act, because under section 164 of the Code of Criminal Procedure, if the magistrate of the town before whom the defendant is directed to be taken is absent or unable to act, the person executing the warrant is required to take him to the nearest accessible magistrate. His argument, as I understand it, is that, because under certain conditions the defendant would have jurisdiction to try this case, the imprisonment under the warrant made returnable to himself created no civil liability against him. The difficulty with his argument lies in the fact that while, in case of the incapacity or absence of the magistrate of the town in which the crime was committed, the constable might under some circumstances have been authorized to bring the plaintiff before the defendant for trial, there is no authority to which I am referred which authorized the defendant to issue his warrant return-

able before him for this crime committed in the town of Mayfield. The warrant, then, unauthorized by law, never gave to the defendant jurisdiction over the plaintiff. The proceedings were coram non judice, and the defendant must be held civilly liable for the imprisonment which he has wrongfully caused.

The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur, except HOUGHTON and CHESTER, JJ., who dissent.

HOUGHTON, J. (dissenting). I think this judgment should be reversed, instead of affirmed.

The defendant, as magistrate, had jurisdiction to issue the warrant in the first instance. The sufficiency of the information laid before him, that the defendant had committed the crime of cruelty to animals in the town of Mayfield, which was within his county, is not questioned. His jurisdiction as justice of the peace extended, so far as issuing the warrant was concerned, throughout his county. Subject to the power of removal, a court of special sessions has exclusive jurisdiction to hear and determine the crime of cruelty to animals. Code Cr. Proc. § 56, subd. 27. The failure of the warrant to direct that the defendant, when arrested, be taken before the nearest magistrate of the town in which the crime was committed, did not, I think, render the warrant void. It was a mere irregularity. It was sufficient to protect the officer making the arrest. If the defendant had in fact been taken before the nearest magistrate of his town and there tried and convicted, I apprehend he could not have reversed his conviction because of this omission in the warrant. The requirement of section 699 of the Code of Criminal Procedure, that when a defendant is brought before a magistrate the charge against him must be distinctly read and he must be required to plead thereto, is as mandatory and vital to the interests of a person charged with crime as is the requirement of section 151 as to defendant being taken before the nearest magistrate of the town in which the crime was committed; and yet, where the charge was not read or reduced to writing, it was held that the judgment of conviction was not void because of such omission. People v. Carter, 88 Hun, 304, 24 N. Y. Supp. 764. The defendant, as magistrate, having jurisdiction of the subject-matter, and the warrant not being void, but voidable only, the false imprisonment, if any, was the result of compelling the plaintiff, as defendant in the criminal action, to submit to trial before himself, and the pronouncing of the judgment of conviction against him.

Conceding that the defendant had no jurisdiction to hear and determine the criminal charge, it seems to me that his determination that he had was simply a judicial error, for which no action will lie. I can see no difference in principle between this case and that of Austin v. Vrooman, 128 N. Y. 229, 28 N. E. 477, 14 L. R. A. 138. In that case plaintiff was charged with supplying diluted milk to a butter manufactory. When arraigned before the defendant as magistrate, he pleaded not guilty, waived examination, and offered to give bail to the grand jury. This was a privilege which he had,

and upon doing which the magistrate was divested of further juris-
diction. The magistrate, however, refused bail, and proceeded to
try the plaintiff, and sentenced him to imprisonment. This con-
viction was reversed on the ground that the magistrate should
have accepted bail and have proceeded no further. An action for
false imprisonment was brought. It was held that the magistrate
erred in further proceeding with the cause, but that it was an error
in a judicial determination made in a case of which he had juris-
diction, and that he was protected from a civil action with respect
to it. So, in the case at bar, the defendant magistrate had juris-
diction of the subject-matter and of the person of the plaintiff, to
the extent, at least, in case he was brought before him, to direct
that the officer take him before the nearest magistrate of the town
of Mayfield. If this had been done, the plaintiff would have had
no cause for complaint. Instead, the defendant judicially deter-
mined that he had jurisdiction to hear the case. This was error,
but no greater than the error in the case above cited, where the
magistrate was divested of jurisdiction because of the offer to give
bail to appear before the grand jury. In both instances there was
no jurisdiction to hear and determine the case, but the determination
of whether or not there was, was a judicial determination, for an
erroneous decision of which no liability arises.

The case of Reynolds v. Orvis, 7 Cow. 269, is clearly distinguish-
able from the present one, in that it was there held that the arrest
was upon a void process because not properly executed. Here the
process was not void, but only irregular; hence the judgment was
erroneous, and should be reversed.

CHESTER, J., concurs in the opinion of HOUGHTON, J.