MARIO QUAGLIA, Respondent, v. STEELCO STAINLESS STEEL, INC., Appellant.— Order modified on the law in accordance with the memorandum and as modified affirmed, without costs of this appeal to either party. Memorandum: This court reversed the judgment in favor of the plaintiff and granted a new trial on the ground that it was error to receive evidence, over defendant's objection, on issues not raised on the pleadings (280 App. Div. 960). The Special Term has permitted the plaintiff to amend his complaint so that such evidence may properly be received on a new trial. The original cause of action was solely upon a written contract of employment. The amended complaint sets forth a cause of action in tort. Plaintiff now seeks to recover on the ground of wrongful and fraudulent actions of the defendant by which, as plaintiff alleges, he was deprived of his commissions. The amended complaint sets forth a new and different cause of action and plaintiff seeks recovery on a different theory from that set forth in the original complaint. While the terms to be imposed upon granting an amendment to the complaint rest in the discretion of the Special Term, yet it has long been the rule that where the amendment is one of substance and a different cause of action is introduced, payment of costs to date is required. (See 3 Carmody on New York Practice, § 1136, and authorities there cited.) Such is the rule in this department. (*Bates* v. *Salt Springs Nat. Bank,* 43 App. Div. 321; *O'Hara* v. *Derschug,* 244 App. Div. 764.) There was no error in granting the amendment. However, the order should be modified by imposing as terms for allowing the amendment the payment by the plaintiff of taxable costs and disbursements to date of amendment (exclusive of costs and disbursements of this appeal) within thirty days of service of a copy of the order herein and notice of entry. As so modified, the order should be affirmed. All concur. (Appeal from an order permitting plaintiff to amend his complaint on payment of $25 costs, in an action to recover the balance of commissions alleged to be due plaintiff under contract for the sale of merchandise for defendant.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

■

CLARENCE E. WOODARD, Respondent, v. JOHN L. TOUCHETTE et al., Appellants, et al., Defendants.— Order affirmed, with $10 costs and disbursements. (See *McKelvey* v. *Marsh,* 63 App. Div. 396; *McCarg* v. *Burr,* 106 App. Div. 275, 279; *Blythe* v. *Tompkins,* 2 Abb. Prac. 468; *People ex rel. Farley* v. *Crane,* 94 App. Div. 397, 400; *Blodgett* v. *Race,* 18 Hun 132.) All concur, Kimball, J., not voting. (Appeal from an order denying motions by defendants Touchette and La Rue for a dismissal of plaintiff's complaint in an action for false imprisonment.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

■

In the Matter of VIOLA DAVIS, Appellant, against LEE WHALEN, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — McCurn, P. J., Vaughan, Piper and Wheeler, JJ. [See 281 App. Div. 1068.]

■

OSCAR G. CASSIDY, Respondent, v. GLENN L. BUCK, Appellant, et al., Defendants.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals denied. Present — Vaughan, Kimball, Piper and Wheeler, JJ. [See *ante,* p. 824.]