### BEATY *vs.* PERKINS.

*Trespass* will not lie against a *party* who has procured a *search warrant* to search for stolen goods, if the warrant be duly issued and regularly executed.

*It seems* that *case* will lie if the party procuring the warrant has no ground for his proceedings, and is actuated by malicious motives.

ERROR from the Washington common pleas. This was an action of *trespass* for entering the plaintiff's house, by virtue of a *search warrant*, to search for stolen goods. The suit was originally brought in a justice's court ; the plaintiff declared in *trespass* for breaking and entering his house ; the defendant pleaded the general issue, and gave notice of justification under a search warrant, issued by a justice of the peace. The plaintiff was nonsuited, and appealed to the common pleas. On the trial in that court, it appeared that the defendant had procured a search warrant to search the plaintiff's house, on the allegation that a quantity of clover seed had been stolen from him ; the warrant was delivered to a deputy sheriff, who, with the defendant, went to the house of the plaintiff, and entered the same without using any force ; after being in the house, the plaintiff being from home, the officer told the wife of the plaintiff that they had a search warrant to search the house ; to which she answered, that if they had authority they must search. Search was accordingly made, but no clover seed was found. The common pleas decided that the warrant was a justification to the defendant, and that the action could not be maintained. The plaintiff submitted to a nonsuit ; upon which judgment was rendered for the defendant. The plaintiff sued out a writ of error.

*C. L. Allen,* for plaintiff in error. Whether a search warrant shall operate as a justification depends upon the event; if the goods alleged to be stolen are found, the execution of the warrant is *lawful*; if not found, it is *unlawful*; and the party suing out the warrant is a *trespasser*. The warrant, properly obtained and executed, may protect the magistrate and officer executing it, but not the party. *Entick* v. *Car-*

*rington,* 2 *Wils.* 291, 2, 382, *and* 405. *Bostock* v. *Saunders,* 3 *Wils.* 440. 2 *Hawkins' P. C. ch.* 13, § 17, *n. b.* 2 *Hale's P. C.* 113, 151. 5 *Williams' Abr.* 354. 2 *Bos. & Pull.* 158. 6 *Serg. & Rawle,* 315. *Douglass,* 358. 2 *Johns. R.* 203.

*S. Willard,* for defendant in error, contended that no action would lie against a party, upon whose application a search warrant was regularly issued and properly executed ; but if liable, the action must be *case,* and not *trespass.*

*By the Court,* SAVAGE, Ch. J. The plaintiff insists that notwithstanding a search warrant may be a justification to the officer, although no stolen goods be found, yet it is not so, to the prosecutor, upon whose oath the warrant issued ; and that if no goods are found upon search, *trespass* lies against him—and what was said by the court in *Entick* v. *Carrington,* 2 *Wils.* 291, is relied on. That case was an action of trespass, for breaking plaintiff's house, and searching for papers by virtue of a warrant issued by Lord Halifax, secretary of state. The court decided that a secretary of state had no authority to issue such a warrant, and they say : " This case was compared to that of stolen goods: Lord Coke denied the lawfulness of granting warrants to search for stolen goods, though now (1765) it prevails to be law ; but in that case, the justice and the informer must proceed with great caution ; there must be an oath that the party has had his goods stolen, and has strong reason to believe they are concealed in such a place ; but if the goods are not found there, he is a trespasser.

The case of *Bostock* v. *Saunders,* 3 *Wils.* 434, was an action of trespass against excise officers, for entering plaintiff's house by virtue of a warrant issued by commissioners of excise, to search for tea suspected to be fraudulently concealed there. De Grey, chief justice, states, that the informer acts at his peril, and proceeds to say : In cases of warrants granted to search for stolen goods, the informer makes oath that a felony has been committed, and of the reasons he has for suspicion that the goods are concealed in such a place. The

ALBANY,
Jan. 1831.

Beaty
v.
Perkins.

execution of these warrants depends upon the event; the search is lawful if the goods are there, unlawful if not there; and although the justice of the peace and the officer may justify in trespass, yet the informer cannot." And he cites *Hale's Pleas of the Crown*, 150. The same case is reported in 2 *Blackstone*, 912.

In these cases the judges seem to have relied upon the authority of Lord Hale, who says, 2 *Hale's P. C.* 116, upon a warrant to search for stolen goods, the doors cannot be broken open, and therefore the entry to search by such a warrant must be *per ostia aperta*. In another place, p. 151, he says: " Whether the stolen goods are in the suspected house or not, the officer and his assistants, in the day time, may enter *per ostia aperta* to make search, and it is justifiable by this warrant. If the door be shut, the officer, after demand to open it and refusal, may justify breaking the door, whether the stolen goods are there or not; but as to the party upon whose suggestion the warrant issued, the breaking the door is *in eventu* lawful or unlawful, viz. lawful if the goods are there, unlawful if not there." This is quoted by Burns, 3 *Burns' Justice*, 106.

The doctrine in some of the books referred to is doubted, and in fact is overruled in *Cooper v. Booth*, 3 *Esp. R.* 135. That was a writ of error from the common pleas to the king's bench. Booth had sued Cooper and others in *trespass*. The defendants were excise officers, and searched the plaintiff's house by virtue of a warrant issued by the commissioners of excise, and the plaintiff recovered. Upon the argument, Lord Mansfield desired the counsel to see if there was any authority in the books for the dictum of Lord Hale; and 2 *Wils.* 291, and *State Trials*, 321, were referred to. In giving the opinion of the court, Lord Mansfield said the case was like that of *Bostock v. Saunders*; but they could not concur in it. That the excise officer could not be guilty of trespass in procuring or executing a warrant. If maliciously procured, he might be liable to an action on the *case*. He argues that the commissioners had authority. The warrant was legal when issued; the execution was legal when executed; and it seems a solecism to say that the regular execu-

tion of a legal warrant can be a trespass. Those proceedings were under a statute, but there seems to be a similarity in principle. There the grounds of suspicion 'were submitted to the magistrate, and he issued the warrant, if in his judgment it ought to issue. *Chitty*, in his *Criminal Law*, 1 vol. 66, after stating the general rules concerning search warrants, as that they must be granted on oath ; must specify the places to be searched ; must be executed in the day time, &c ; says that the door may be broken after demand, and the *officer* will be excused ; though if the *party* obtaining the warrant acted maliciously, he is liable to a special action on the case, but not to an action of trespass ; and he refers to 2 *Hale's P. C.* 151, 2 *Hawk, ch.* 13 § 17, and 3 *Esp.* 135, which do not support that proposition in terms, though the last case certainly goes far to establish it.

The case of *Bell* v. *Clapp*, 10 *Johns. R.* 263, was an action of trespass, *quare clausum fregit*, and for carrying away flour. The defendants justified under a search warrant, under which they broke open the plaintiff's door and took the flour. The plea was demurred to, and this court held the plea a good justification, and the search warrant a valid warrant when issued upon oath, specific as to place and object, executed in the day time, and the stolen goods taken in a peaceable manner. The power of the officer to break open the door is expressly recognized, as such warrants are often indispensable to the detection of crimes.

It is remarkable that no case has been produced like the present ; but if the process is recognized as a valid and legal one, it seems indeed to be a solecism to say that any party acting under legal process can be a trespasser. If a person is arrested upon suspicion of felony, it is upon the *ex parte* oath of the complainant, yet no dictum is to be found saying that the informer in such case is liable for trespass in arresting the defendant, though he may be discharged by the justice before whom he is brought. An action may possibly be brought for malicious prosecution, if malice appear. So too, an action on the case might perhaps be brought in a case like this, if it appeared that the complainant had no ground for his proceedings, and was actuated by malicious motives.

But if we take the law as laid down by Lord Hale, it will not sustain this suit. The officer and the defendant entered, as Lord Hale expresses it, *per ostia aperta,* the doors were open. There was no force used; no doors were broken; and *it is only where the doors are broken,* as I understand Lord Hale, that he he considers the complainant a trespasser, no goods being found on search. Upon general principles, however, I think the action cannot be sustained. The warrant having been legally and regularly issued, and duly executed in the day time, is a protection to those who executed it, in an action of *trespass.*

Judgment affirmed.