PHINEHAS STONE *vs.* OTIS H. DANA & another.

The Rev. Sts. *c.* 142, § 3, which direct that search warrants shall command the officer, to whom they are directed, to bring before a magistrate stolen property, or other things, when found, " and the persons in whose possession the same shall be found," have made no such change in the law as to render necessary any alteration in the form of such warrants. It is still proper to insert in a search warrant the name of the person in whose building, &c. the complainant swears that he suspects the goods are concealed, and to order the officer to arrest such person, if the goods are found in his possession.

An officer returned on a warrant directing him to search the buildings of S. for certain described stolen goods, " By virtue of this warrant, having made diligent search and found three pieces of goods in the house of the within named S. and arrested the body of the within named S. and have him," &c. *Held,* that this return furnished *primâ facie* evidence, at least, that the officer had found three pieces of the goods described, and that he was therefore justified in arresting S. and carrying him, with those goods, before a magistrate.

Where one, who has been arrested on a search warrant, and carried before a magistrate and discharged, brings an action of trespass against the officer, who justifies under the warrant, he may, for the purpose of showing that the officer was not justified by the warrant, give evidence that the goods seized on the warrant did not come within the description of those for which the officer was directed to search : But he cannot, for such purpose, give evidence that the goods, so seized, were not those which were in the mind of the complainant, when he made the complaint and obtained the warrant.

Stone *v.* Dana & another.

When an officer seizes goods on a search warrant, which correspond with and come within the description of those for which he is commanded, by the warrant, to search, he is not liable to an action, though the goods so seized by him may not be the same which were lost by the complainant.

.TRESPASS. The first count in the declaration alleged that the defendants made an assault on the plaintiff, and arrested him in his dwellinghouse, under the false pretence that they had a search warrant, and carried him before a magistrate and obliged him to procure bail, &c. The second count charged the defendants with breaking into the plaintiff's dwellinghouse and arresting him on the same false pretence. The third count was for an assault and battery merely. The defendant Dana pleaded the general issue. Charles Sanderson, the other defendant, filed the like plea, with a specification of his defence, justifying under a search warrant put into his hands and executed by him as a constable of the town of Charlestown.

The complaint, warrant, and return thereon, which are copied in the margin,* were given in evidence at the trial, in support

---

* To Ephraim Buttrick, Esq., one of the justices assigned to keep the peace in and for the county of Middlesex, Otis H. Dana of Boston in the county of Suffolk, on oath informs the said justice that the goods mentioned in the schedule annexed, of the value of one thousand dollars, the property of the said Otis *H.* Dana & David N. Fales, have within fifteen months last past been feloniously taken, stolen and carried away out of the store of them the said Fales and Dana, at Boston aforesaid, and that he hath probable cause to suspect, and doth suspect, that said goods or a part thereof are concealed in the house, barn and out buildings of Phinehas Stone of Charlestown in said county of Middlesex, and prays a warrant to search there for the same.

Otis H. Dana.

Received and sworn to, the twenty fifth day of November, Anno Domini 1839.

Before me, Ephraim Buttrick, Justice of Peace.

Middlesex ss. To the Sheriff of the county, or to either of the constables of the town of Charlestown in said county, Greeting.

In the name of the Commonwealth of Massachusetts, you are required forthwith, with necessary and proper assistants, to enter in the day time into the barn, house and out buildings of Phinehas Stone mentioned in the above information, and diligently to search for said goods, and if the same or any part thereof shall be found on such search, that you bring the goods so found, together with the body of said Phinehas Stone (if he may be found in your precinct) before me or some other justice of the peace in and for the county, to be dis-

of the defence. It was also shown that the averment, in the complaint, that the property therein mentioned had been stolen, was inserted by mistake, and that after the plaintiff was arrested on the warrant and brought before the magistrate, a new complaint was substituted, by consent of the plaintiff, in which it was alleged that said property had been obtained, by one Silas Stone, from said Dana and Fales, by false pretences, and taken and carried away from their store in Boston.

The judge, before whom the trial was had, ruled that the jury should consider the warrant as void, &c., whereupon a verdict was returned for the plaintiff, subject to the order of the whole court.

*Brigham*, for the defendants. The search warrant was in the form which the treatises on criminal law prescribe, and which has long been used in England and in this Commonwealth. 4 Burns Just. (20th ed.) 177. 3 Williams Just. 861 – 864. 3 Dickinson Just. (2d ed.) 503. 505. 1 Chit. Crim. Law, 65. Davis Just. (1st ed.) 218. Bolton's Practice of the Criminal Courts, 8, 9. Archb. on Commitments and Convictions, 41. 2 Bouvier's Law Dict. 384. The question is, whether a different form is required by the Rev. Sts. *c.* 142, § 3, which direct that such warrant shall (among other things) command the officer to bring before the magistrate the property and " the persons in whose possession the same shall be found." It is manifest from the commissioners' notes to this chapter, that they intended no change in the process, but merely an extension of it to certain

---

posed of and dealt with as to law and justice shall appertain. You are also required to notify the informant to appear and give evidence touching the matter contained in the above complaint, when and where you shall have the said goods and person, or either of them.

Given under my hand and seal at Cambridge aforesaid, the twenty fifth day of November A. D. 1839.

Ephraim Buttrick, Justice of Peace

Charlestown, Nov. 25, 1839. By virtue of this warrant, having made diligent search and found three pieces of goods in the house of the within named Stone, and arrested the body of the within named Stone, and have him before Ephraim Buttrick, Esq.

Charles Sanderson, Constable.

Stone v. Dana & another.

new cases. And a warrant, which should direct an officer to arrest, &c. a person in whose possession goods might be found, without naming him, would be void, and contrary to the 14th article of the Declaration of Rights, and to the 4th article of amendments of the constitution of the United States. *Bell* v. *Clapp*, 10 Johns. 263. *Sanford* v. *Nichols*, 13 Mass. 286.

*A. Cushing*, for the plaintiff. The warrant was void on its face, because its directions to the officer were not according to the provisions of Rev. Sts. *c.* 142, § 3. The directions should have been, to bring before the magistrate the person in whose possession he might find the goods. No name should have been inserted. The magistrate cannot judge, beforehand, in whose possession the goods may be found. See Davis Just. (1st ed.) 46, 47. Rev. Sts. of New York, Vol. II. 746. 7 Dane Ab. 245, *note*.

When a process is void on its face, the officer who serves it, and all concerned, are trespassers. *Grumon* v. *Raymond*, 1 Connect. 40, and cases there cited.

DEWEY, J. Whatever doubts may formerly have existed as to the legality of search warrants, they have long been sanctioned as a necessary and useful power to be exercised under the authority of magistrates having jurisdiction in the matter of arrests in criminal cases. The authority for issuing such warrants is found not only in judicial decisions, but to this is superadded the authority derived from direct legislative enactment. Rev. Sts. *c.* 142. English *St.* 22 Geo. III. *c.* 58. The form of such warrant and the mode of service of the same are fully stated in 2 Hale P. C. 113. Dalt. Just. *c.* 169. 1 Chit. Crim. Law, 64 – 66. Davis Just. (1st ed.) 44 – 48. Upon inspecting the warrant issued in the case before us, it seems to be substantially like the forms long used, and sanctioned by the best precedents.

Independently of the objection made by the plaintiff, there could be no question, as we can perceive, as to its correctness in point of form, or as to the authority for issuing it, and relying upon it as a justification for those acting pursuant to its requirements. The objection relied upon is, that the warrant does not conform

9 *

to the Rev. Sts. *c.* 142, § 3, which, it is contended, have introduced new provisions as to the form of the process. It is said that the statute only authorizes the officer, who serves the precept, " to bring such stolen property, when found, and the persons in whose possession the same shall be found, before the magistrate who issues the warrant, or some other magistrate having cognizance of the case ; " and that this will not justify the issuing of a precept naming a particular person, as the individual to be arrested, if the stolen goods are found upon making search. The inquiry then arises, whether the revised statutes have introduced any new principle requiring a change in the form of the warrant in these cases. No suggestion of such alteration is made by the commissioners, in their notes accompanying the revision. No do we think that the words necessarily import any such change, but that, on the contrary, they are intended to be understood as requiring substantially the same forms, as those used in the well known and established books of precedents. The naming of the individual, who is required to be arrested, would seem to give a greater security against improper arrests. To give the general power to arrest a person, without mentioning him by name, or by any other description than " the person in whose possession the property shall be found," would leave a much greater latitude for the discretion and judgment of the officer, than the form used in the present case. It would be less in accordance with our Declaration of Rights, article 14, requiring that all warrants " to make search in suspected places, or to arrest suspected persons, or to seize their property," must be " accompanied with a special designation of the persons or objects of search, arrest, or seizure " ; and also with the 4th article of amendment of the constitution of the United States, providing against unreasonable searches and seizures, and requiring that " no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The court are of opinion that this warrant ought not to have been held void, but that it was sufficient, in point of form, to

sustain the defence, if the proceedings under it were regular and conformable to law.                                   *New trial granted.*

---

A new trial was had at April term 1843. The defendant Dana added to his plea of not guilty a notice, that if there should be any evidence that he assisted Sanderson, the other defendant, in the execution of process, or in arresting the plaintiff, he would justify under a legal precept directed to said Sanderson, and as his assistant in the execution thereof.

The genuineness of the search warrant was proved by the testimony of Mr. Buttrick, who issued it. And it was testified by two witnesses, that both the defendants went to the plaintiff's house, and made their business known to him ; that Sanderson read the search warrant to the plaintiff; that both efendants then proceeded to search the house for goods, and found three pieces, viz. one pattern of broadcloth, one pattern of pilot cloth, and a piece of bleached cotton cloth of about thirty yards ; that the defendant Dana could not identify the goods, and sent to Boston for one Ryan, who was clerk of Dana and Fales when they sold goods to Silas Stone, and knew their marks ; that said Ryan came, and told Dana said three pieces of cloth were those which he (Dana) had sold : That Sanderson, by Dana's order, took those pieces, and that they both went away ; and that Sanderson returned, about two hours afterwards, and arrested the plaintiff.

It appeared in evidence, that Sanderson took the plaintiff before Mr. Buttrick, at Cambridge ; that the plaintiff gave bail for his appearance at a future day ; and that after two or three adjournments of the examination, the plaintiff was discharged.

The defence was, that the complaint and warrant were regular, and justified the search of the plaintiff's house ; and that the defendants, on finding a part of the goods, were warranted in arresting, &c. the plaintiff; that if the complaint was false, malicious and groundless, it would not sustain this action — more especially against the officer, who was bound to obey a lawful warrant, good on the face of it, and directed to him.

The defendants proved and offered the complaint, the schedule annexed thereto, (in which numerous articles were mentioned, that were not found in the plaintiff's house,) the warrant and the return — as in the margin, *ante*, 99, 100.

The plaintiff then proposed to give evidence that the goods mentioned in the return were not the same goods which the officer was required, by the warrant, to search for ; and he contended that the return of the officer was not conclusive evidence, nor even competent evidence at all : *First*, because the return did not, on the face of it, purport to aver affirmatively that the goods, which the officer found, were *the said goods* that he was required to search for, and therefore that the conditional authority for arresting the plaintiff, if the goods described were found in his possession, did not exist, and that the arrest was not warranted by it. *Secondly*, that if the return did so aver, yet it was not conclusive.

It was ruled by the judge, who presided at the trial, that though the return was illiterate and not free from doubt, yet, taken in connexion with the warrant, and the schedule which was part thereof, it did intend to aver that the officer had found three of the pieces of the goods described in the schedule annexed ; and therefore that he was justified, by the warrant, in arresting the plaintiff, and carrying him, with the goods, before the magistrate.

The plaintiff then offered evidence to show that the defendant Dana, when he made the complaint, " had in his mind, and intended to describe, in the schedule annexed to the warrant, certain goods which Dana and Fales had sold to Silas Stone, in September and October 1838, which they claimed to have been obtained from them wrongfully ; and that the goods, found and returned on the search warrant, were not parcel of the goods included in the invoices, so sold to Silas Stone."

Upon this it was ruled that it was competent for the plaintiff to prove that the goods, so found and returned, did not come within the description of those included in the schedule, and required to be searched for ; and if they did not, that the officer was not justified, by his warrant, in arresting the plaintiff ; but

that it was not competent, in support of this action, and especially as against the officer, to prove that the goods in question were not those which the complainant had in his mind when he made the complaint and obtained the warrant; or that they were not parcel of those contained in the invoices of goods so sold by Dana and Fales; nor to show that the defendant did not take due pains to ascertain that the goods, so found, were not contained in said invoices.

The plaintiff thereupon became nonsuit, subject to the opinion of the whole court upon the correctness of these rulings.

The questions arising out of this second trial were argued and decided at October term 1843.

*Choate,* for the plaintiff. 1. The warrant did not authorize the arrest of the plaintiff, unless the *described goods* were found. Rev. Sts. *c.* 142, § 3. 1 Chit. Crim. Law, 66. Davis Just. (1st ed.) 47. 2 Hale P. C. 151. 19 Howell's State Trials, 1039, 1041, 1058. *Commonwealth* v. *Kennard,* 8 Pick. 133.

2. The officer's return does not duly aver the fact that the goods seized were the goods described in the complaint. And the court will make no intendment in favor of the return. On the contrary, the construction should rather be against the return. So are the analogies. *Davis* v. *Maynard,* 9 Mass. 246. *Purrington* v. *Loring,* 7 Mass. 388. *Perry* v. *Dover,* 12 Pick. 211. Dalton's Sheriff, 168. 19 Vin. Ab. Return, O. Impey's Sheriff, 444. Watson's Sheriff, 50. *Greene* v. *Iones,* 1 Saund. 298. *Houghton* v. *Davenport,* 23 Pick. 237. *Kittredge* v. *Bellows,* 4 N. Hamp. 431.

3. If the court should hold that the return is sufficient yet it is not conclusive. *Whiting* v. *Bradley,* 2 N. Hamp 82. *Brydges* v. *Walford,* 6 M. & S. 42.

4. The evidence, which was offered at the trial to control the return, was competent.

*H. H. Fuller & Brigham,* for the defendants. Trespass will not lie against these parties. *Stetson* v. *Kempton,* and *Sanford* v. *Nichols,* 13 Mass. 272, 286. *Putnam* v. *Man,* 3 Wend. 202. *Beaty* v. *Perkins,* 6 Wend. 382. *Sias* v. *Badger,* 6 N. Hamp. 393 *Livermore* v. *Bagley,* 3 Mass. 487.

*Plummer* v. *Dennett*, 6 Greenl. 421. *Luddington* v. *Peck*, 2 Connect. 700. *Commonwealth* v. *Kennard*, 8 Pick. 137.

The return sufficiently shows that the officer acted within his warrant. He returned that *by virtue of the warrant* he searched, found, seized, &c. And this is sufficiently certain, though it is not expressly averred that *said goods* were seized. This point was settled in very early times. 1 Hen. VI. 6. Com. Dig. Retorn, E. 2. 1 Backus Sheriff, 260. *Wilson* v. *Law*, 2 Salk. 589. *S. C.* 1 Ld. Raym. 20. 19 Vin. Ab. Return, K : L. 2. Thel. Dig. lib. 16, *c.* 1, § 9. The law makes a liberal intendment in favor of ministerial officers. 2 Phil. Ev. (4th Amer. ed.) 296, 297, *notes. M'Donald* v. *Neilson*, 2 Cow. 185. *Whittlesey* v. *Starr*, 8 Connect. 134.

The return is conclusive in this action ; especially in favor of the officer. *Stinson* v. *Snow*, 1 Fairf. 263. *Wilson* v. *Hurst*, Peters C. C. 441. *Wellington* v. *Gale*, 13 Mass. 483. *Purrington* v. *Loring*, 7 Mass. 388.

If the evidence, offered by the plaintiff to prove that the goods taken were not those described in the schedule, because they were not in the mind of the complainant, be admissible, no officer could ever safely execute a search warrant. See *Hodges* v. *Holland*, 16 Pick. 395. *Adams Bank* v. *Anthony*, 18 Pick. 238. *Webster* v. *Randall*, 19 Pick. 13. *Price* v. *Messenger*, 2 Bos. & Pul. 158.

*Choate*, in reply. A liberal intendment is never made in favor of a return, in an action against the returning officer for an apparent trespass. In such cases, a strict construction is to be given. Impey's Sheriff, *ubi sup.*

The cases cited to show that a return of service on A., without stating him to be "the said A." are distinguishable from this. In those cases, nobody would suppose the officer believed he could make service on any other A. But in the present case, the officer might suppose, as his counsel now do, that he might seize goods that were *similar* to those described in his precept.

DEWEY, J. The first objection taken to the sufficiency of the defence set up by the defendants is, that the return of San-

derson, indorsed upon his warrant, is upon the face of it insufficient, as it does not aver, directly, that the goods found and seized by him were those described in the precept under which he acted. It is contended by the plaintiff, that the return of a ministerial officer ought to be construed with great strictness, and that nothing should be left to intendment or inference. This position, under proper limitations, is undoubtedly well sustained. It has frequently been applied to cases where title to property wholly depended upon such return ; and in such cases, and generally where the return is conclusive upon the rights of third parties, it must be direct, and also particular in stating the manner in which the duties have been performed.

But it seems to us that the present case is one where considerable liberality in construing a return may be reasonably and properly allowed, without danger of doing injustice to those concerned. The nature of the process, and the forms of proceeding under it, furnish adequate protection to the parties in interest. The form of the search warrant requires the officer, who serves it, to bring with him before the magistrate the goods seized on such warrant. If the return be defective, false or erroneous, as to the property, in any respect, the best evidence is at hand to control it.

Taking the mere return, disconnected with the other papers in this case, the objection might be urged, that it did not distinctly appear that the goods found and seized were the goods, or parcel of the goods, described in the complaint and warrant. But we think the return is not to be taken distinct from and disconnected with the precept and accompanying papers to which it was appended, but with reference to them. Indeed most returns, indorsed on precepts, will be found to require such reference to render them certain and full. They do indeed usually refer more directly to the precept itself ; but we think it a reasonable intendment, that a return indorsed upon a warrant, or other precept, does apply to the precept on which it is so indorsed ; and especially so where the return states, as the present does, that " by virtue of this warrant, having made search " &c. So it was held in a case in the year book, 1 Hen. VI. 6, where upon

a *scire facias* the return was " *scire feci* A. B.," without adding " within named " ; but because it was said " by virtue of this precept as directed," the return was adjudged good. And this case was recognized in *Wilson* v. *Law*, 2 Salk. 589. Looking at the return in the present case, we find the officer professes to act " by virtue of this warrant." The warrant connects itself with the complaint and schedule of property annexed thereto ; and the return, taken in connexion with these documents, furnishes at least *primâ facie* evidence that the three pieces of goods found in the house, and taken by the officer and returned on his precept, were those described in the complaint and warrant, and which the officer was required to search for in the house of the plaintiff, and, if found, to bring them with the plaintiff before a magistrate.

The plaintiff's next position, that he had a right to show that the goods seized were other and different from those which the officer was by his precept required to search for, was fully conceded to him on the trial. Upon this point, we suppose, there can be no question. The right to seize the goods and arrest the plaintiff depended upon the condition precedent of finding, upon the search, such goods as were described in the search warrant, and in the place described ; and without this, the officer would be a trespasser, if he took the goods, or arrested the body of the plaintiff. But the counsel for the plaintiff, at the trial, further proposed to show that Dana, the complainant, had in his mind, and intended to describe, in the schedule annexed to the complaint and warrant, certain goods which Dana and Fales had sold to one Silas Stone, at a particular period of time ; and that the goods found, and seized on the search warrant were not parcel of the goods so sold to Silas Stone ; and he contends that upon this ground he may well maintain that the arrest was illegal.

Taking this proposition in the language here stated, it would seem, on its face, to present a point which could not be seriously urged, especially against the officer serving the precept. To require an officer to serve a process like this, at the hazard of liability to be held responsible in an action of trespass, if the

property taken on the warrant was not the same that was in the mind of the complainant at the time of making his complaint, though it might be the same which was actually described in the search warrant, would be imposing a very onerous liability upon the officer.

The argument of the counsel for the plaintiff has now been directed to the discussion of another question, which he contends is presented by the report, and which it was doubtless intended to present, and which the court have considered ; viz., that it was competent for the plaintiff to show that the goods taken by the officer, though corresponding, in description and kind, with the articles directed to be searched for and seized, yet were really other and different articles from those which the complainant had lost.

It is strenuously urged that the protection of the citizen from oppressive proceedings under this process requires the enforcement of the principle, that the party should proceed at his peril in this respect, and that in the service of such precept he must not intermeddle with the goods in the possession of another unless it is made certain that they are the identical goods stolen, or obtained by false pretences, &c. But we think this is pressing the point of responsibility too far ; certainly much beyond the ordinary principles which govern proceedings in criminal cases.

Suppose the ordinary case of a warrant to arrest, founded on a direct charge of larceny by A. and that the officer, who arrests A. should, under the provisions of Rev. Sts. *c.* 126, § 25, seize certain articles, corresponding with the articles charged to be stolen, found in A.'s possession ; but that upon the hearing before the magistrate, A. should show clearly that the goods found in his possession were not stolen goods, and that he had been guilty of no larceny. No liability to an action of trespass would, in such case, attach either to the officer or the complainant.

The great security of the citizen from unreasonable arrest or seizure of goods is this, that the warrant is only to issue upon the oath of the complainant alleging a larceny, &c., and his be·

lief that the party accused is guilty of the offence; or, in case of seizure on a search warrant, that he believes the property stolen, embezzled, &c., to be in the place to be searched. If such oath can be properly taken, it lays the foundation for a criminal proceeding which, however unfortunate and injurious it may be to the party upon whom it bears, does not subject either the complainant or the officer to an action of trespass. If the prosecution be malicious and without probable cause, an action on the case will lie for the party aggrieved; but if it be honestly and properly instituted, the party accused, though innocent, may be remediless.

It seems to us that the duty of the officer, and those acting in aid of him in executing a search warrant, is well and legally discharged, if upon making the search required, and finding goods corresponding in description with those directed to be searched for, he seizes such goods and brings them, with the person whose premises he is directed to search, before a magistrate for further proceedings. The officer is not made the judge, in the last resort, of the identity of the goods seized with those stolen. That must often be a matter of great uncertainty and difficulty, and upon the issue of which the whole question of the guilt or innocence of the party charged may turn. It therefore would furnish no answer to the justification relied on by the defendants, if the plaintiff could show that the goods seized, though corresponding with the description of the articles alleged to have been stolen and found in the place directed to be searched, were not the same, but in truth a different parcel of goods.

Nor do we think that it was competent, in answer to the justification here set up, for the plaintiff to show that the defendants did not take due pains to ascertain that the goods found were not contained in the invoices of goods sold by Dane & Fales to Silas Stone. The party serving the process was to look at the description of the articles, as set forth in the warrant and the documents to which reference was made in the warrant. He had no right to take the property or person of the plaintiff, unless, upon making the search, he found articles corresponding with those thus described in his precept. If he did find such,

that was sufficient to justify his seizure ; and upon that he may rest his justification.

In cases where the proceedings are malicious and without probable cause, as has been already suggested, the proper remedy is an action on the case ; but if no sufficient facts exist to authorize such an action, it is the misfortune of the party to have been thus charged, or to have had his goods seized ; but one for which he may be without redress.

We see no objections to the instructions of the presiding judge, in matter of law, and the nonsuit will therefore stand.