GEORGE W. HALLOCK, Respondent, *v.* NATHANIEL DOMINY
et al., Appellants.

A justice of the peace, in an action regularly brought before him to
recover a penalty for less than $200, has jurisdiction to pass upon every
question involved in the action, including the validity of the law impos-
ing the penalty; and his judgment, so long as it remains unreversed,
is conclusive between the parties upon every question necessarily
embraced therein.

Process regularly issued upon such a judgment, authorizing the impris-
onment of the defendant therein, is a protection in an action for false

imprisonment to the officer executing it and to the parties at whose instance it was issued and served.

*Hallock* v. *Dominy* (7 Hun, 52), reversed.

(Argued March 26, 1877; decided April 10, 1877.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, reversing a judgment in favor of the defendants, entered upon an order nonsuiting plaintiff on trial at Circuit. (Reported below, 7 Hun, 52.)

This was an action for false imprisonment.

The board of supervisors of Suffolk county in November, 1854, claiming to act under the provision of the act, chapter 194, Laws of 1849 (§ 4), authorizing boards of supervisors to make such regulations " as they may deem necessary and provide for the enforcing the same," * * " to provide for the protection of shell and other fish within the waters of their respective counties," passed an ordinance as follows:

" An act for the preservation of good and eatable fish in the waters of the town of Easthampton," whereby it was enacted as follows:

" First. No person or persons other than the inhabitants of the town of Easthampton, shall hereafter take or catch any fish commonly called eatable fish, with seines or nets, in any part of the creeks, bays or waters of the town of Easthampton, nor shall any person or persons other than the inhabitants of the town of Easthampton, take or catch any eels, clams, oysters, or shell fish of any kind from any flats or in any of the creeks, bays, or waters of the town of Easthampton.

Second. Any person or persons who shall violate any of the provisions of the first section of this act shall, on conviction, forfeit the sum of fifty dollars.

Third. Any person may in his own name, or in the name of himself and the overseers of the poor of the said town, prosecute and recover the penalty specified in this act for himself and the said overseers of the town, and on recovery shall be entitled to retain one-half of said penalty; and the

other half, after deducting one-half of the expenses of the prosecution, shall be paid to the overseers for the support of the poor of said town."

Under this ordinance or " act," an action was duly instituted by the defendants in this action, who were two of the trustees of the town of Easthampton, in the name of defendant Dominy, against the plaintiff herein, before a justice of the peace, and a judgment for the penalty was recovered, the defendants not appearing on the return day of the summons; in default of goods and chattels the plaintiff was, by direction of defendants, arrested and committed to the county jail, and afterwards, to effect his release from confinement, paid the judgment. The action before the justice was instituted in pursuance of a resolution of the trustees of Easthampton. The defendants set up the act of the supervisors and the proceedings before the justice of the peace as a justification of the arrest and imprisonment.

*J. Lawrence Smith*, for the appellants.

*George Miller*, for the respondent.

ALLEN, J. The judge at Circuit in non-suiting the plaintiff, decided, first, that the ordinance or law of the board of supervisors of Suffolk county was within the constitutional limits of the legislative powers conferred upon boards of supervisors ; and, secondly, that the judgment and execution under which the defendants justified the imprisonment of the plaintiff was valid and binding upon the plaintiff.

The justice of the peace had jurisdiction of the subject matter of the action, being for the recovery of a penalty less than two hundred dollars. (Code, § 53.) He had jurisdiction by the personal service of a summons of the defendant therein, the present plaintiff, and no objection was taken to the form or the regularity of the proceedings. The jurisdiction of the magistrate was not derived from, and did not depend upon, the act which is challenged, but upon the

general statutes of the state. He had jurisdiction to pass upon every question involved in the action, including the validity of the law imposing the penalty. The judgment so long as it remained unreversed was for every purpose as conclusive between the parties, and upon every question necessarily embraced in the judgment, as would have been that of the highest court of record in the State. (*Pease* v. *Howard*, 14 J. R., 479; *Andrews* v. *Montgomery*, 19 id., 162; *Mitchell* v. *Hawley*, 4 Den., 414.)

Process regularly issued upon this judgment, as was the execution upon which the plaintiff was imprisoned, was a protection to the officer executing it, and to the parties at whose instance it was issued and served. It cannot be attacked collaterally for error of the justice, or irregularity, and in an action of false imprisonment it is a perfect shield to all persons acting under it. The plaintiff is estopped by the judgment. (*Chapman* v. *Dyett*, 11 Wend., 31; *Brown* v. *Crowl*, 5 id., 298; *Ackerley* v. *Parkinson*, 3 M. & S., 411; *Doswell* v. *Impey*, 1 B. & C., 163; 1 Ch. Pl., 181; *Miller* v. *Adams*, 52 N. Y., 409.)

An action will not lie for acts done under process regular on its face, and which the magistrate has jurisdiction to issue unless the acts be malicious. (*Beaty* v. *Perkins*, 6 Wend., 382.) There was no claim that the defendants acted maliciously in this matter. The learned judges sitting at General Term did not consider this question, and for the reason stated in the opinion that the only question made by counsel before them was upon the validity of the law imposing the penalty. It is made here, and as it was a proper ground for non-suiting the plaintiff, the action cannot be maintained; the order granting a new trial must be reversed, and the judgment of non-suit affirmed.

All concur, ANDREWS, J., absent.

Order reversed and judgment affirmed.