WM. BAXTER, *Marshal of the City of Guthrie*, V. JAY THOMAS AND F. M. CABINESS.

CONSTITUTIONAL LAW—*Habeas Corpus—Jurisdiction of District Courts, Sitting with the Powers of United States Courts*. Where a city ordinance requires the payment of an occupation tax, by all persons in said city engaged in selling or offering for sale goods, wares and merchandise and provided a fine and imprisonment for a violation thereof. *held*, that one who was engaged in soliciting the sale of goods on behalf of an individual or firm doing business in another state, was not amenable to said ordinance. That as to such person, it is a regulation of commerce among the states and unconstitutional as in violation of the provisions of the constitution of the United States. granting to congress the power to make such regulations. Where such person is imprisoned, charged with the violation of such ordinance, such imprisonment involves a federal question and the district court; sitting as and with the powers of a circuit or district court of the United States, has jurisdiction to discharge from such imprisonment upon *habeas corpus*.

*Appeal from the District Court of Logan County.*

*Bayard T. Hainer*, for appellant.

*Francis J. Lynch*, for appellees.

The opinion of the court was delivered by

TARSNEY, J.:   On the 7th day of May, 1895, appellees filed their petition in the district court of Logan county, Hon. Frank Dale, district judge, sitting with the powers of a federal court, praying a writ of *habeas corpus*, and setting forth in the petition therefor, that said appellees were restrained of their liberty in violation of the constitution of the United States and in violation of the laws of the Territory of Oklahoma; that such unlawful imprisonment consisted in that the petitioners were arrested under and by virtue of a complaint and warrant in and issued from the police court of the city of Guth-

rie, charging the petitioners with selling goods, wares and merchandise without having first procured from the authorities of said city, a license in accordance with the terms of an alleged ordinance of said city, and that such illegal and unlawful imprisonment consists in the restraint of said petitioners of their liberty by one William Baxter, marshal of said city, holding them by virtue of an alleged complaint, warrant and commitment from said police court; that the petitioner Thomas is a resident of the city of Wichita in the state of Kansas; that the petitioner Cabiness is a resident of the city of Perry, Oklahoma Territory. The petitioners are traveling salesmen for one William S. Buck, a merchant doing business in the city of Topeka, state of Kansas; that petitioners are representatives and soliciting agents of said William S. Buck; that petitioners go from place to place in said city of Guthrie and carry with them samples of goods, wares and merchandise kept for sale by their principal, said William S. Buck, in the said city of Topeka. That petitioners go from place to place in the city of Guthrie, show these samples to parties in said city for their examination and if a citizen of Guthrie desires to purchase or arrange for the purchase of the article of similar kind and character kept for sale by the said Buck, petitioners take orders of such customers in writing and forward the same to said William S. Buck, in said city of Topeka; that if said Buck approves of said orders, the goods so ordered as aforesaid, are shipped from the city of Topeka, Kansas, to petitioners or to some agent of said Buck or by means of common carriers and said goods are delivered by one of the agents or carriers aforesaid to the customer pursuant to the order theretofore taken, that upon the receipt of said goods, so delivered, the customer arranges with the said

house in Topeka for the payment and settlement therefor. The petitioners while engaged as aforesaid and not otherwise, were arrested, charged with the violation of a certain ordinance of the city of Guthrie; that the business in which petitioners were so engaged, was wholly interstate commerce business; that petitioners did not own the samples that they carried about with them and had no right, claim, title or interest in the same; that they did not sell goods, wares or merchandise within the city of Guthrie and did not sell or offer for sale the samples they carried with them; that they make no direct sales themselves; that they do not carry or expose goods for sale; that at the time of taking orders as aforesaid, the goods with which said orders have been filled were in the city of Topeka, state of Kansas.

To the petition thus filed, the said William H. Baxter, as marshal of the city of Guthrie, filed a demurrer, stating for reasons, *first*, that said application did not state facts sufficient to constitute a cause of action; *second*, that the court had no jurisdiction of the subject matter of the action.

This demurrer was by the court overruled. Whereupon, said Baxter made return and answer to the application for said writ of *habeas corpus* and to said writ, setting up therein that he detains the said Thomas and said Cabiness by virtue of a complaint duly filed in the police court of the city of Guthrie, wherein the said Thomas and the said Cabiness were charged with selling goods, wares and merchandise in the city of Guthrie before taking out and paying an occupation or license tax as required by § 1 of ordinance 236 of the said city of Guthrie; and further that he detains said Thomas and Cabiness by virtue of two warrants of commitment duly issued by one G. C. McCord, a court of competent juris-

diction in and for the city of Guthrie, O. T. And further that said petitioner, Thomas, on or about the 30th day of April, 1895, came to the city of Guthrie with a stock of goods valued at about $500, consisting of rugs, curtains, and sundry other articles of merchandise and opened up a room or store in a building situated in said city of Guthrie, where said stock of goods or merchandise were distributed and that said Thomas sold and offered to sell and distribute said goods in the city of Guthrie and did deliver to various persons in said city articles from said stock of goods in value of $150 or $200 since the 30th day of April, 1895. Copies of the complaint, warrants of arrest and commitment were attached to said return. The said warrants of commitment reciting that the said petitioners respectively were brought before the said G. C. McCord, police judge of the city of Guthrie, upon the 8th day of May, 1895, upon the charge of selling goods without taking out a license tax as required by § 1 of ordinance 236. That after full trials upon said charge, the said petitioners were found guilty of said charge and as a punishment therefor, it was ordered by the court that each pay to the city of Guthrie a fine of $25, with costs of suit amounting in each case to $10.15, and that each of said petitioners be confined in the jail at the city of Guthrie until said fine and costs be paid.

To this return petitioner filed a replication denying each and every allegation of new matter in respondent's answer made. That afterwards on the 10th day of May, 1895, the issues in said cause coming on to be heard in said court, the petitioners testified to all the facts stated and set forth in their said petition.

The respondent offered no testimony.

The court found that the arrest of said petitioners

was unlawful; that the imprisonment and detention of said prisoners was unlawful and directed their discharge. To the findings and conclusions and order of the court, the respondent duly excepted, filed a motion for a new trial, which motion being overruled, respondent excepted and duly appealed to this court.

The only question for our consideration in this case is, was the business in which the petitioners were engaged interstate commerce business? If so, the city of Guthrie could not impose a tax upon persons engaged therein and any ordinance which might have been enacted by said city requiring the payment of a business or occupation tax by those engaged in business in said city, would not have been valid as against said petitioners and could not be enforced against them, and any proceedings against said petitioners, because of their failure or refusal to pay such occupation tax, would have been without warrant of law and void; and any imprisonment of the petitioners on account of such failure to pay such tax, would be illegal and would entitle them to discharge therefrom by *habeas corpus*.

If the business in which said petitioners was engaged and for which they were arrested and restrained of their liberty, was interstate commerce business, then a federal question was involved in the proceedings against them to enforce said act and the court below sitting with the powers of federal circuit and district courts, had jurisdiction to hear and determine the application for *habeas corpus*.

The facts set forth in the petitioners' application for *habeas corpus*, descriptive of the business in which they were engaged, its character, and the methods of its transaction was not only admitted by the demurrer, but fully shown and proven, in every particular, by the testimony

39——IV.

of the two petitioners, and was not controverted in any particular by the respondent. Were then, the petitioners, at the time of their arrest and imprisonment, engaged in interstate commerce business, and was that the business for which they were arrested and deprived of their liberty? That business which is within the protection and under the regulation of the constitution and laws of the United States relating to interstate commerce, has been so often defined and the prohibition against interference therewith by states or municipalities, has been so often declared that there ought not to be any controversy over the proposition involved in this case.

Section eight, article one, of the federal constitution, provides as follows:

"Congress alone shall have power to regulate commerce with foreign nations and among the several states and Indian tribes."

For the purpose of this provision territories are included in the word *state*. What then, constitutes interstate commerce?

In *Robbins v. Shelby Taxing District*, 120 U. S. 494, the court says:

"In view of these fundamental principles, which are to govern our decision, we may approach the question submitted to us in the present case, and inquire whether it is competent for a state to levy a tax or impose any other restrictions upon the citizens or inhabitants of other states for selling or seeking to sell their goods in such state before they are introduced therein. Do not such restrictions affect the very foundation of interstate trade? How is a manufacturer, or a merchant, of one state, to sell his goods in another state, without, in some way, obtaining orders therefor? Must he be compelled to send them at a venture without knowing whether there is any demand for them? In these cases then, what shall the merchant or manufacturer do, who wishes to sell his

goods in other states? Must he sit still in his factory or warehouse and wait for the people of those states to come to him? This would be a silly and a ruinous proceeding. The only other way, and the one perhaps, which most extensively prevails, is to obtain orders from persons residing or doing business in those other states. But how is the merchant or manufacturer to secure such orders? If he may be taxed by such states for doing so, who shall limit the tax? It may amount to prohibition. To say that such a tax is not a burden upon interstate commerce, is to speak at least unadvisedly and without due attention to the truth of things."

Again, the court, in that case says:

" Interstate commerce cannot be taxed at all. Even though the same amount of tax be levied on domestic commerce, or that which is carried on solely within the state. The negotiation and sale of the goods which are in another state for the purpose of introducing them into the state in which the negotiation is made is interstate commerce."

The rule of this case has been so frequently affirmed and universally acknowledged, that the citation of the authorities here could serve no useful purpose. Does the case at bar, come within that rule? We think there can be no question but that it does. The undisputed facts show that the petitioners were traveling solicitors for Will S. Buck, a merchant doing business in the city of Topeka, in the state of Kansas; that they carried with them samples of goods, wares and merchandise kept for sale by their principal; that they did not own or have any interest in their samples; that they did not sell or offer to sell any of the samples of goods which they had with them. That they went from place to place exhibiting their samples, and if a prospective purchaser so desired, he signed a printed order which the petitioner forwarded to his principal in Kansas; that if the principal approved the order, the goods were wrapped and

marked. and forwarded to the petitioner for delivery; that at the time the samples were shown the purchasers the goods with which the order was to be filled were in the state of Kansas. We think the case is on all fours with *Robbins v. Shelby Taxing District*, and that that case is conclusive of this. We find no error, therefore, in this record, and the judgment of the court below is affirmed.

All the Justices concurring.