### HOFSCHULTE v. DOE et al.

#### (Circuit Court, N. D. California. February 1, 1897.)

OFFICERS—PROCESS OF INFERIOR COURTS—PROTECTION.

    When a court which, though of inferior and local jurisdiction, has general
jurisdiction with respect to the violation of the ordinances of a town, enter-
tains a complaint under such an ordinance, and thereupon issues process, fair
on its face, to an officer, the process is a justification to the officer in doing the
acts thereby required, notwithstanding the ordinance under which the court
acts is invalid; and no action lies against the officer or the sureties on his bond
for his acts done pursuant to such process.

Action at Law for False Imprisonment. Answer filed. General
demurrer to answer. Demurrer overruled.

Geo. D. Shadburne, for plaintiff.
Denson & De Haven, for defendants.

MORROW, District Judge. This is an action for false imprison-
ment. The complaint declares on the official bond of the defendant
Fred H. Doe as marshal of the town of Ferndale, in Humboldt
county, Cal., and against the other defendants Charles A. Doe and
John W. Kemp as sureties, to recover damages for a breach of
the conditions of the bond. The complaint contains three counts.
They all allege that at the times mentioned in the complaint the
plaintiff was and is an alien, and a subject of the king of Prussia,
and that the defendants were and are citizens of the state of Cal-
ifornia. The first count charges, in substance, that on the 14th
day of March, 1895, plaintiff was engaged in the town of Ferndale
in the business of soliciting orders for the sale of books as the
agent of a New York publisher, under such conditions that books
so ordered were thereafter shipped to the persons ordering the
same; that this business was wholly and exclusively commerce
between the state of New York and the state of California; that
plaintiff was arrested by the defendant Fred H. Doe, as marshal
of the town of Ferndale, and forcibly, violently, and against plain-
tiff's will dragged, carried, and taken before the recorder's court
of the town of Ferndale, and there charged by the defendant with
the crime of misdemeanor committed by the plaintiff in having

violated an ordinance of the town of Ferndale requiring the payment of a license for the privilege of pursuing plaintiff's business; that the arrest and prosecution of plaintiff by the defendant Fred H. Doe were unlawful, oppressive, and without authority, and by reason of defendant's wrongful conduct plaintiff was damaged in the sum of $6,000. The second count repeats the charge contained in the first count, and alleges further that on the 15th day of March, 1895, to which day the hearing of the matter was continued by the recorder, the plaintiff was again arrested by the defendant, and again dragged, carried, and taken by the marshal before the recorder's court to answer concerning the charge; that plaintiff was convicted by the court of the crime of misdemeanor, in having violated an ordinance by carrying on the business of soliciting orders for the sale of books without a license, and was sentenced to pay a fine of $20, and, in default of payment, to be imprisoned in the town jail of the town of Ferndale until the fine was satisfied, in the proportion of one day's imprisonment for every dollar of said fine not satisfied by imprisonment; that plaintiff refused to pay the fine, and thereupon he was committed to the custody of the defendant, who forcibly seized and imprisoned him for seven hours, and, in order to prevent further imprisonment, plaintiff paid the remaining portion of the fine not satisfied by the imprisonment, to wit, the sum of $20; that the arrest and imprisonment of plaintiff by the defendant were unlawful, oppressive, and without authority; and by reason of defendant's wrongful conduct plaintiff was damaged in the sum of $6,000. The third count charges that on the 18th day of March, 1895, while plaintiff was engaged, in the town of Ferndale, in the business of soliciting orders for the sale of books in the manner described, he was arrested by J. B. Howard, acting as deputy marshal, and as deputy of the defendant Fred H. Doe, on a charge of having again violated the ordinance of the town of Ferndale requiring the payment of a license for the privilege of pursuing plaintiff's business; that he was taken before the recorder's court, and afterwards tried and convicted, and sentenced to pay a fine of $40, and, in default of payment, to be imprisoned until the fine was satisfied, in the proportion of one day's imprisonment for every dollar of the fine, or until lawful payment should be made of the proportion of the fine not satisfied by imprisonment; that plaintiff refused to pay the fine, and thereupon he was committed to the custody of the defendant, and imprisoned for 24 hours, and, in order to prevent further imprisonment, he paid the remaining portion of the fine, amounting to $39; that the arrest and imprisonment of plaintiff by the defendant were unlawful, oppressive, and without authority; and by reason of defendant's conduct plaintiff was damaged in the sum of $6,000.

The answer of the defendants sets forth in detail all the proceedings connected with the arrest, prosecution, conviction, and imprisonment of the plaintiff at the times mentioned in the complaint. From these proceedings it appears that, with the exception of the first arrest of the plaintiff by the defendant Doe, mentioned in the **first count of the complaint, the defendant and his deputy acted**

under and by virtue of legal process issued out of the recorder's court of the town of Ferndale. It appears, further, that the prosecution was based upon the following ordinance:

"Every person, firm or corporation, who solicits orders for and sells to the inhabitants of the town of Ferndale, at retail, any books, goods, wares or merchandise (to be delivered by those who may purchase from said person, firm or corporation, at a time subsequent to the taking of said order) shall be termed, and is hereby declared to be, a transient dealer, and shall pay a license of fifteen dollars per quarter."

It further appears from the answer that under and by virtue of the ordinances of the town of Ferndale any person transacting business in said town, for which a license is required under any ordinance of said town, without first obtaining the same, is guilty of a misdemeanor, and upon conviction thereof may be imprisoned in the jail of such town.

To this answer a general demurrer has been interposed on the ground that it does not state facts sufficient to constitute a defense to plaintiff's complaint, and the question is presented whether the ordinances of the town of Ferndale, and the warrants under which the defendant and his deputy acted, constitute, in this action, a justification for the arrest and imprisonment of the plaintiff. It is conceded that the ordinance in question is invalid, by reason of being in contravention of the provisions of the constitution of the United States, which confers upon congress the power to regulate commerce among the several states. Robbins v. Taxing Dist., 120 U. S. 489, 7 Sup. Ct. 592; Asher v. Texas, 128 U. S. 129, 9 Sup. Ct. 1; Stoutenburgh v. Hennick, 129 U. S. 141, 9 Sup. Ct. 256. But it is contended on behalf of the defendants that the recorder's court of the town of Ferndale had the general jurisdiction to entertain the complaint in the proceedings against the plaintiff; that it had the authority to determine, in the first instance, whether the complaint was sufficient to justify the issuance of a warrant, and, after the arrest, to determine every disputed question of law and fact involved in the case, and its judgment, no matter how erroneous it may have been, is not subject to collateral attack; that the warrants under which the marshal and his deputy acted in the arrest and imprisonment of the plaintiff, as set forth in the answer, were fair on their face, and, under the circumstances, constitute a sufficient defense to this action. The constitution of the state of California provides, in article 11, § 6, that:

"Corporations for municipal purposes shall not be created by special laws; but the legislature, by general laws, shall provide for the incorporation, organization, and classification, in proportion to population, of cities and towns; * * * and cities or towns heretofore or hereafter organized, and all charters thereof framed or adopted by authority of this constitution, shall be subject to and controlled by general laws."

In accordance with this requirement, the legislature of the state, by the act approved March 13, 1883 (St. 1883, p. 93), provided a general law for the organization, incorporation, and government of municipal corporations, dividing such corporations into six classes, according to population. The sixth class embraces cities

and towns having a population of not exceeding 3,000. St. 1883, pp. 24–266. As no municipal corporation designated as a "town" appears in any other class, the town of Ferndale must belong to this class. Section 882 of the act of 1883 (St. 1883, p. 278) relates to cities and towns of the sixth class, and provides:

"A recorder's court is hereby established in such city or town. Said recorder's court shall have, * * * exclusive jurisdiction of all actions for the recovery of any fine, penalty, or forfeiture prescribed for the breach of any ordinance of such city or town, of all actions founded upon any obligation or liability created by any ordinance, and of all prosecutions for any violation of any ordinance."

Section 880 of the same act provides:

"The department of police of said city or town shall be under the direction and control of the marshal. * * * He shall and is hereby authorized to execute and return all process issued and directed to him by any legal authority. It shall be his duty to prosecute before the recorder all breaches or violations of or non-compliance with any ordinance which shall come to his knowledge. * * * He shall have charge of the prison and prisoners. * * *"

The recorder, under the constitutional authority thus conferred by the legislative power of the state, had general and exclusive jurisdiction over all prosecutions for the violation of any ordinance of the town of Ferndale; and the marshal, under the same authority, had the power to prosecute in the recorder's court all persons violating any ordinance of the town, was authorized to execute and return all process issued and directed to him by the recorder, and to take charge of prisoners committed to his custody. The fact, therefore, that this recorder's court is, in a sense, a court of inferior jurisdiction, does not deprive it of its character as a court of general jurisdiction, under the law, with respect to the violation of town ordinances, and it is clear that under this jurisdiction the validity of the ordinance under which the proceedings were had in this case was as much a question for the recorder to determine as any other question in the case, and is not subject to collateral attack.

In Bradley v. Fisher, 13 Wall. 335, 351, the action was against the judge of the criminal court of the District of Columbia, to recover damages alleged to have been sustained by the plaintiff by reason of the willful, malicious, oppressive, and tyrannical acts and conduct of the defendant, whereby the plaintiff was deprived of his right to practice as an attorney in that court. It was alleged, not only that the proceeding of the judge was in excess of his jurisdiction, but that he acted maliciously and corruptly. The supreme court, in passing upon the question of jurisdiction (page 351) said:

"A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter, any authority exercised is a usurped authority; and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend. Thus, if a probate court, invested only with authority over wills and the settlement of estates of deceased persons, should proceed to try parties for public offenses, jurisdiction over the

subject of offenses being entirely wanting in the court, and this being necessarily known to its judge, his commission would afford no protection to him in the exercise of the usurped authority. But if, on the other hand, a judge of a criminal court, invested with general criminal jurisdiction over offenses committed within a certain district, should hold a particular act to be a public offense, which is not by law made an offense, and proceed to the arrest and trial of a party charged with such act, or should sentence a party convicted to a greater punishment than that authorized by the law upon its proper construction, no personal liability to civil action for such acts would attach to the judge, although those acts would be in excess of his jurisdiction, or of the jurisdiction of the court held by him, for these are particulars for his judicial consideration, whenever his general jurisdiction over the subject-matter is invoked. Indeed, some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction, or that of the court held by him, or the manner in which the jurisdiction shall be exercised. And the same principle of exemption from liability which obtains for errors committed in the ordinary prosecution of a suit where there is jurisdiction of both subject and person applies in cases of this kind, and for the same reasons."

There was a dissenting opinion in this case, based upon the fact that the complaint charged that the judge acted maliciously and corruptly; but the prevailing opinion, noticing this feature of the case, held that the exemption of the judges from civil liability could not be affected by the motives with which their judicial acts are performed. The nature of the exemption, as thus determined by the supreme court, is, therefore, of the widest possible scope. In the present case there is no allegation in the complaint that the defendants acted maliciously, and without probable cause. There is, therefore, no claim that the facts stated constitute a cause of action for malicious prosecution. This case should, for that reason, be distinguished from those cases in which that question is involved.

In Allec v. Reece, 39 Fed. 341, Judge Ross, in the circuit court for the Southern district of California, followed and applied the doctrine enunciated in Bradley v. Fisher, cited above, to a case where a justice of the peace in San Diego county caused the arrest and imprisonment of a resident of Los Angeles county, who had failed to obey a subpœna issued by the justice of the peace, although the subpœna was insufficient to require the attendance of the person served, and the warrant of arrest was directed to the sheriff or constable, when, by the statute, it should have been directed to the sheriff only. The court held that in issuing the subpœna and warrant, and in adjudging the witness guilty of contempt of court in failing to obey the subpœna, the justice acted in his judicial capacity, and the grossness of the error of such determination, and of the judgment following it, did not render him liable in a civil action for damages.

In Trammell v. Town of Russellville, 34 Ark. 105, the action was for false imprisonment, and was brought against the corporation and against the mayor and the marshal and his deputy. The plaintiff had been arrested by the marshal and his deputy for violating an ordinance of the town relating to a tax on the business of a retail liquor dealer. It was conceded upon the trial, as in the case at bar, that the ordinance was void, a similar ordinance having been previously so declared by the supreme court of the

state. Referring to the action of the marshal and his deputy in making the arrest, the court said:

"It is established doctrine that process fair on its face will protect from liability the officer executing it. It is not meant that it shall in all respects be regular, but that it shall appear to have been lawfully issued, and such as the officer might lawfully serve."

The court then cites the following passage from Cooley on Torts (2d Ed.) p. 538:

"That process may be said to be fair on its face which proceeds from a court, magistrate, or body having authority of law to issue process of that nature, and which is legal in form, and on its face contains nothing to notify or fairly apprise the officer that it is issued without authority. When such appears to be the process, the officer is protected in making service, and he is not concerned with any illegalities that may exist back of it."

The court held that the marshal and his deputy were protected from liability by the warrant.

In Hallock v. Dominy, 69 N. Y. 238, the action was for false imprisonment, and was brought against two of the trustees of the town of Easthampton, who had prosecuted the plaintiff before a justice of the peace for the violation of an ordinance of the board of supervisors of Suffolk county relating to the catching of certain fish in the creeks, bays, or waters of the town of Easthampton. The plaintiff was arrested, and committed to the county jail. The ordinance upon which the proceedings were based appears to have been invalid. The court of appeals held that the justice of the peace had jurisdiction of the subject-matter of the action, being for the recovery of a penalty less than $200; that he had jurisdiction, by the personal service of a summons, of the defendant therein; and no objection was taken to the form or the regularity of the proceedings. Commenting upon this jurisdiction, the court declares the doctrine in terms peculiarly applicable to the present case. The court says:

"The jurisdiction of the magistrate was not derived from, and did not depend upon, the act which is challenged, but upon the General Statutes of the state. He had jurisdiction to pass upon every question involved in the action, including the validity of the law imposing the penalty. The judgment, so long as it remained unreversed, was for every purpose as conclusive between the parties, and upon every question necessarily embraced in the judgment, as would have been that of the highest court of record in the state. Process regularly issued upon this judgment, as was the execution upon which the plaintiff was imprisoned, was a protection to the officer executing it, and to the parties at whose instance it was issued and served. It cannot be attacked collaterally for error of the justice, or irregularity, and in an action of false imprisonment it is a perfect shield to all persons acting under it. The plaintiff is estopped by the judgment."

In Henke v. McCord, 55 Iowa, 378, 7 N. W. 623, the court held that a justice of the peace who enforces an ordinance which is void for want of power in the city to enact it cannot be held liable therefor in a civil action; and a ministerial officer who acts in the enforcement of such ordinance, acting under a warrant issued by the justice, regular on its face, is protected thereby. To the same effect are Brooks v. Mangan, 86 Mich. 576, 49 N. W. 633, and Gifford v. Wiggins (Minn.) 52 N. W. 904.

· In the case of Baxter v. Thomas (Okl.) 46 Pac. 479, the defendants had been arrested and convicted in the police court of the city of Guthrie of violating an ordinance similar to the one involved in this case. They petitioned the district court for a writ of habeas corpus, alleging the unlawful restraint of their liberty in violation of the constitution of the United States. Upon a hearing of the issues raised by the return, the court found that the arrest and imprisonment of the petitioners were unlawful, and directed their discharge. The case was taken to the supreme court of the territory, where the judgment of the lower court was affirmed. The law of that case, determined on a writ of habeas corpus, is clearly not applicable to the case at bar. A person arrested and imprisoned for the violation of a void ordinance of a municipal corporation may be discharged therefrom on habeas corpus. The Stockton Laundry Case, 26 Fed. 611. But it does not follow that an officer executing a process of the court regular on its face is liable in a civil action for damages.

From these authorities, it appears that the answer sets up a complete defense to the cause of action alleged in the second and third counts, and, as the demurrer is general to the whole answer, it will be overruled.