■ HUNTINGTON AND KILDARE, INC., Appellant, v ONEIDA VALLEY NATIONAL BANK OF ONEIDA, Respondent. [613 NYS2d 452] —Mercure, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered September 23, 1992 in Madison County, which, *inter alia,* denied plaintiff's motion for summary judgment and awarded defendant summary judgment dismissing the complaint.

On November 24, 1989, plaintiff, as lessor, and defendant, as lessee, entered into a written lease for a portion of the first floor of premises at 8 Utica Street in the Village of Hamilton, Madison County, for a term of 20 years, commencing January 1, 1990. Clause 14 of the lease provided: "This lease shall take effect immediately upon both parties executing the same, subject, however to [defendant] being able to obtain all federal, state and municipal permits and permissions to undertake and complete its proposed renovations to the demised premises, and subject to [defendant] obtaining the consent of its Board of Directors. Should such permissions or consents or any of them not be obtained, this lease shall be null and void at the option of [defendant]." On April 13, 1990, defendant advised plaintiff of its inability to obtain a municipal permit for the desired renovations and gave notice that it declared the lease to be null and void. Plaintiff then brought a proceeding against defendant in Hamilton Village Court to collect unpaid rent subsequent to March 1, 1990. Following trial, Village Court rendered judgment in favor of defendant upon the ground that defendant was entitled to and did declare the lease null and void in accordance with clause 14 thereof. On appeal from that judgment, County Court rendered an oral decision modifying the judgment only to the extent of requiring defendant to pay rent for March 1990.* Defendant subsequently paid the March and pro rata April 1990 rent.

Plaintiff commenced the current action in September 1991,

---

* With the exception of Village Court's written decision, the record contains no pleadings or papers in connection with the Village Court proceeding or appeal therefrom to County Court. We have been forced to rely upon the allegations in the parties' affidavits before Supreme Court and the facts stated in their briefs in this Court.

seeking rent for the period commencing April 13, 1990. In its answer, defendant pleaded, *inter alia,* res judicata as an affirmative defense. Plaintiff then moved for summary judgment. Exercising its authority pursuant to CPLR 3212 (b), Supreme Court granted summary judgment in favor of defendant upon the ground that the action was barred by the principles of res judicata. Plaintiff now appeals and we affirm. We reject plaintiff's argument that because Village Court is a court of *limited* jurisdiction, it is not a court of *competent* jurisdiction whose judgments are entitled to res judicata effect *(see, Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485). To the contrary, it is well-settled law that "the effect of res judicata and collateral estoppel is accorded to the valid and final judgments of all courts, including not only courts of general, but also courts of limited, jurisdiction" (9 Carmody-Wait 2d, NY Prac § 63:478, at 223-224; *see, Hallock v Dominy,* 69 NY 238). We note that plaintiff does not allege, and we are aware of no basis for a finding, that Village Court acted in excess of its jurisdiction.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.